**FOREMOST DAIRIES, INC., OF THE SOUTH, v. J. H. GODWIN**

26 So. (2nd) 773            June Term, 1946
August 2, 1946             En Banc
Rehearing denied September 14, 1946.

*Ragland, Kurz & Layton,* for appellant.

*Will O. Murrell,* for appellee.

THOMAS, J.:

A judgment in favor of the appellee was entered against the appellant, a corporation, and one D. W. Howell for damages sustained in an automobile collision between a car driven by appellee and one driven by Howell.

The corporation is sole appellant, and in its behalf three questions are presented for our consideration. In developing one of them it is urged that the original plaintiff was shown to have been guilty of contributory negligence as a matter of law, but after much deliberation by the division which heard the argument and later by the whole court, there having been

a difference of opinion, we arrive at the view that it is unnecessary to pass upon the negligence, or alleged negligence, of the respective drivers, for we think there was no responsibility on the part of the corporation for the acts of the individual Howell, even assuming that he alone was at fault. This conclusion is based on the facts establishing the relationship between the original defendants at the precise time of the injury. They may be succinctly stated.

Howell was employed by the corporation as a collector. When the collision occurred, a few minutes before nine o'clock in the morning, he was en route from his home to the place of business of his employer via the residence of another employee or official of the company, a "credit man," whom he intended taking with him. Howell owned the car, but the corporation kept it in repair and paid for the licenses, tires, and fuel.

It seems that recovery against the corporation could have been accomplished on the theory (1) that the car was owned by it and entrusted to the individual or (2) that the mishap occurred when the driver was actually engaged in the business of the corporation. The first of these may be readily eliminated because the ownership and mastership of the automobile remained in Howell despite the contributions made by the corporation for its maintenance. The doctrine that the owner of an automobile is responsible for injury caused by it when it is under the control of one to whom it has been entrusted by the owner arises from the nature of the vehicle, which this court has categorized as a dangerous instrumentality. In deciding the point the court quoted authority to the effect that one who exposes another to such a risk " 'is held, although his act is not of itself wrongful, to insure his neighbor against any consequent harm not due to some cause beyond human foresight.' " It was said that although these dangerous agencies originally consisted of fire, flood, water, and poisons, they were later enlarged to include explosives, locomotives, street cars—and then automobiles. Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629. See also the case of the same title reported in 73 Fla. 432, 74 So. 975.

It is undisputed that the car was actually Howell's, and we

construe the contributions by the company merely as added remuneration to him for the means of transportation he furnished to facilitate the collection of his "employer's bills and accounts." These defrayals in no wise affected the status of mastership or ownership in Howell.

Nor do we think the facts established that negligent operation of the car at the time of the collision was chargeable to the corporation on the theory that the employee was engaged in the employer's business. There is no contradiction of his statements that he was *on his way to work* when the collision occurred, that he had to have the car there in order to pursue his duties.

We do not find in such circumstances proof that the operator of the car caused injury while acting in the course of his employment. A similar, if not identical, situation was considered by the Supreme Court of Washington, and the court announced the "rule supported by the weight of authority . . . that an employee, merely going to or from work in his own car, is not in the course of his employment, even though he may be allowed compensation by the employer for the use of the car in and about the latter's business." Bourus v. Hagen et al., 192 Wash. 588, 74 p. (2nd) 205. See Blashfield's Cyclopedia of Automobile Law and Practice, Vol. V, Permanent Edition, page 196.

The appellee, in defending the judgment, leans heavily on our opinion in Western Union Telegraph Co. v. Michel, 120 Fla. 511, 163 So. 86. Evidently the part of that opinion which seems to appellee controlling here is that dealing with what the court designated the "primary question"—that is, "whether or not when the defendant's employee . . . left his master's business and went home to lunch he was guilty of a mere *slight deviation from* the master's business, or . . . his conduct . . . [amounted] to an abandonment and the undertaking of a project that had no relation to his master's business." (Underscoring supplied.) · The court's positive instruction that the employee was at the time acting within the range of his employment and that if the employee was found guilty of negligence the jury should return a verdict for the plaintiff was condemned as "clearly erroneous."

It is at once plain that there is no need further to pursue this subject because the premises there and here are not the same. In the cited case the employee had started the day's work as messenger boy. After delivering two messages late in the morning he decided to go to his home some distance away for lunch. His motorcycle and plaintiff's car were in collision as he returned, and the question arose whether at the time he was serving his employer or had embarked on an excursion of his own; whether he had slightly deviated from his employer's business; whether he had abandoned it.

In the instant case, according to our interpretation of undisputed testimony, Howell had not started the day's work, was not yet in the master's employ; therefore we are unable to understand how his course on the morning of the mishap could be construed as raising the question whether there was a deviation, departure, or abandonment, indicating that his employer might be liable, or that it was a matter for the jury to decide whether the employer was liable. If he had not yet entered upon the master's business, being then on his way to do that, it could not be said that he deviated or departed from his employment or that he abandoned it. Certainly one may not abandon what he has not undertaken, may not deviate or depart from a course which he has not begun.

It follows that the court erred too in charging the jury to disregard the issue presented by defendant's (appellant's) plea "that the automobile alleged to have been operated by the defendant, D. W. Howell, was not at the time and place . . . being operated by said D. W. Howell in and about the business of this defendant [appellant]." This ruling was made the basis of the appellant's sole remaining question.

The judgment is—

Reversed.

TERRELL, BROWN, BUFORD, ADAMS and SEBRING, JJ., concur.

CHAPMAN, C. J., dissents.