78 So.2d 865 (1955)
John C. MERWIN, Jr., and Blanchard Machinery, Inc., a Florida Corporation, Appellants
v.
Charles Leo KELLEMS, Appellee.
Supreme Court of Florida. Special Division A.
March 16, 1955.
Rehearing Denied April 14, 1955.
*866 Knight, Smith & Underwood, Herschel E. Smith and Wm. H. Hoeveler, Miami, for appellants.
Nichols, Gaither, Green, Frates & Beckham and Sam Daniels, Miami, for appellee.
SANDLER, Associate Justice.
Appellee, Kellems, was injured in an intersectional motor vehicle collision when his automobile was struck by an automobile owned and operated by the appellant, Merwin. Kellems filed suit against Merwin and the other defendant, Blanchard Machinery, Inc., charging Merwin with negligence and also that at the time of the accident he was a servant of Blanchard Machinery, Inc. and was acting in the scope of his employment by and in the course of his duties for Blanchard, or in the alternative that Merwin and Blanchard were engaged in a joint venture. Both defendants answered denying the allegation of negligence and Blanchard further denied that at the time and place of the accident Merwin was its servant and also denied that Merwin was acting in the scope of his employment by Blanchard at the time of the accident, or that Merwin and Blanchard at the time of the accident were engaged in a joint venture. On these issues the case went to trial before a jury and resulted in a verdict for plaintiff, Kellems, in the sum of $165,000, pursuant to which judgment was entered. The trial Judge who heard the evidence denied motions for the entry of judgment, or in the alternative for a new trial, and each defendant has filed a separate appeal.
It is contended that Kellems was guilty of contributory negligence, that the verdict is excessive, and further that the relationship of master and servant did not exist and that Merwin at the time of the accident, even if a servant, was not then acting in the scope of his employment. To discuss six hundred pages of conflicting testimony would add nothing to the value of the opinion, merely length. Neither is it necessary to cite authorities or repeat the well established rule that a conflict in the evidence is for the jury. The case was properly submitted to the jury and we find no reason to disturb the verdict *867 which finds ample support in the evidence.
It is contended also that the verdict is excessive. After being hit by Merwin's car, Kellems' car turned over and Kellems thrown out and found unconscious on the ground with his skull laid open. According to the Doctors Kellems had suffered a permanent brain injury and had "a permanent disability of 50% considering the body as a whole". At the time of the trial Kellems was 50 years of age and had a life expectancy of 21.37 years. The jury had the benefit of the testimony of the various Doctors as to the results of the brain injury which need not be detailed here. Damages in a personal injury action are not capable of exact calculation or mathematical certainty. No hard and fast rule can be laid down. It must be left to the judgment and discretion of the jury what in dollars and cents is just and fair compensation for damages or injuries sustained by the fault or negligence of another. While the award is subject to review by an appellate court, we are not justified in disturbing it unless we find it to have been influenced by improper motives. To do otherwise would be to do away with our jury system.
We come now to the assignments of error relied on by the defendant, Blanchard, to avoid liability on its part which is that Merwin was an independent contractor not a servant and, even if so, the relationship did not exist at the time of the accident. Merwin was one of three salesmen who worked for Blanchard on a commission basis. Merwin worked what was termed the greater Miami territory which included West Palm Beach. Merwin owned his own car, worked only for Blanchard, was allowed a drawing account of $60 per week and was also allowed to charge his gas and oil to Blanchard, although he was expected to repay this out of his commissions. His commissions not being sufficient at the end of the year, he was given a bonus equal to the difference which was used to repay Blanchard. Regardless of the reason for this method of doing business, and whether you call it salary or commission, Merwin received a minimum compensation of $60 per week. In addition Blanchard carried Workmen's Compensation on its employees, including Merwin, paid Social Security taxes, and Merwin together with the other employees was subject to withholding taxes pursuant to Income Tax Regulations. Orders taken by Merwin were charged direct to the customer and paid direct to Blanchard without the intervention of Merwin. While Merwin was allowed ample latitude in working his trade or territory, he was subject to the orders of Blanchard when so instructed. One of the tests is not whether control was in fact exercised, but whether the master had the right to control. Merwin's home was much closer to his territory than was the place of business of Blanchard and by mutual consent, unless Merwin had business at the plant, he would go direct to his territory and, likewise, return direct home except in those instances where he had business with the company which saved him considerable distance in travel. On the day of the accident Merwin had been to West Palm Beach, completed his work about 4:30 P.M., and started back going directly home. The accident happened not far from his home before he reached there. If Merwin had been on his way to the company plant instead of home, it could not be successfully contended that he was not still on his employer's business. Until he returned home he was just as much on his master's business as if he had gone to the place of business instead. On this testimony the jury found the relationship of master and servant to exist and that the accident happened while Merwin was on the business of his master.
The remaining assignments have been considered and are found to be without merit.
Affirmed.
MATHEWS, C.J., and TERRELL and ROBERTS, JJ., concur.