RAWLS, Acting Chief Judge.
Defendant, Southern Life & Health Insurance Company, has appealed a final judgment based upon a jury verdict in an automobile accident case.
The only point meriting discussion on this appeal is whether defendant, James D. Lewis, was within the scope of his employment at the time the accident occurred thereby rendering Southern Life vicariously liable for Lewis’s negligence. We find that he was and affirm.
The Smiths brought this action against Lewis and his employer to recover damages they sustained in an automobile accident. At the time Lewis was employed as a debit agent and solicitor for Southern Life for the territory in and around Milton, Florida, where he lived. He had no office and worked out of his home. On Friday of each week he was required to be in Pensacola at 8:00 a.m. to deliver his weekly collections and to attend a sales meeting in the office of the district supervisor. The accident occurred about 7:30 a.m. on Friday, November 13, 1964, while Lewis was on his way to Pensacola for this purpose. He had already left Milton and was in Es-cambia County. The car he drove was his own. He was paid a salary and a commission but did not receive travel expenses.
Appellant, Southern Life, relies primarily upon Foremost Dairies, Inc. of the South v. Godwin,[1] wherein the Supreme Court reversed the trial court’s judgment for plaintiff. In that case, plaintiff recovered a judgment against the corporation upon the theory that the defendant-employee while driving his own automobile was engaged in the employer’s business. Facts recited in the opinion reflect that the employee was employed by Foremost as a collector. When the collision occurred, the employee was en route from his home to the place of business of his employer via the residence of another employee of the company, a “credit man” whom he intended taking with him. The opinion emphasized the statement, viz.: “There is no contradiction of his statements that he was on his way to work when the collision occurred * * *.” The clear import of this decision appears to be the concept that until the employee arrived at the company’s place of business, he was not acting in the course of his employment. We have no difficulty in distinguishing the facts in the instant case from those recited in Foremost.
Appellee leans strongly upon Merwin v. Kellems.[2] Merwin, an employee (salesman) of Blanchard Machinery, Inc., while driv *786 ing his own automobile, collided with Kel-lems. Blanchard denied liability upon the grounds, inter alia, that Merwin had ceased performing his master’s business at the time of the accident. Facts set out in the opinion reflect that:
“Merwin’s home was much closer to his territory than was the place of business of Blanchard and by mutual consent, unless Merwin had business at the plant, he would go direct to his territory and, likewise, return direct home except in those instances where he had business with the company which saved him considerable distance in travel. On the day of the accident Merwin had been to West Palm Beach, completed his work about 4:30 P. M., and started back going directly home. The accident happened not far from his home before he reached there. If Mer-win had been on his way to the company plant instead of home, it could not be successfully contended that he was not still on his employer’s business. Until he returned home he was just as much on his master’s business as if he had gone to the place of business instead.”
The Supreme Court concluded that under these facts the jury was justified in finding that the accident happened while Mer-win was on the business of his master.
We find that the Merwin decision is applicable to the facts in the instant cause. At first blush it appears that the Supreme Court held in Foremost that an employee is not on his master’s business in going to work but held in Merwin that he was on his employer’s business in returning from work. A careful review of the fact discloses that such is not the case. In Merwin it is noted that by mutual consent the employee used his home as his office, and he did not report daily to his employer’s place of business prior to going about his master’s business or before “knocking off” work. In Foremost it was uncontradicted that the employee was “on his way to work,” and under the rule supported by the weight of authority, the mere going to or from work in one’s own car is not in the course of employment.
We have even a stronger factual situation supporting plaintiff than appeared in Merwin. Southern Life’s employee, Lewis, had his office in his home. Generally he went to work by leaving his office-home and immediately calling upon an insured or prospective insured of his employer. Each Friday he transported his master’s money and himself to the master’s office some distance away from his assigned territory for an accounting and a sales meeting. In this society so dedicated to mammon, we pose the question: How can it be said that an employee is not upon his employer’s business on the occasion when he is transporting the fruit of his efforts to his employer?
It was within the province of the jury to find that Lewis was acting within the scope of his employment.
Affirmed.
JOHNSON and SPECTOR, JJ., concur.

. Foremost Dairies, Inc. of the South v. Godwin, 158 Fla. 245, 26 So.2d 773 (1946).

. Merwin v. Kellems, 78 So.2d 865 (Fla. 1955).