SPECTOR, Chief Judge.
Appellant seeks review of a summary judgment entered, in favor of appellee White and his insurance carrier.
Appellee Johnson had worked for Mr. White for some forty years doing odd jobs and yard work around White’s nursery. Johnson was driving his own truck when it collided with the car driven by Mrs. Faye Standley. Mrs. Standley died as a result of the accident, leaving her husband and four children as survivors.
On the morning of the accident instead of reporting for work at the usual time, Johnson had gone to a nearby drugstore to get some medicine for his wife. After getting the medicine, he went to a gas station across the street from the drugstore and purchased a gallon can of gas for use in the lawn mower at the nursery. Johnson then dropped the medicine off at his home and proceeded to work, stopping at another service station to purchase gas for his truck. As Johnson pulled out of this sec- ■ ond service station, he turned into the oncoming traffic, striking Mrs. Standley’s car. Part of Johnson’s work at the nursery was keeping the lawn mower filled with gas and his truck was used in his work for hauling dirt and fertilizer. At the time of the accident, Johnson also had some of Mr. White’s tools in his truck which he had carried home that weekend.
Appellant contends that the trial court erred in determining as a matter of law that no material issue of fact exists as to whether employee Johnson was within the scope of his employment at the time the accident occurred, thereby rendering employer White vicariously liable for Johnson’s negligence. We agree.
It is the well recognized rule that an employee driving to or from work is not within the scope of employment so as to impose liability on the employer. This is true even though the car driven by the employee is used in his work and partly maintained by the employer, Foremost Dairies, Inc. of the South v. Godwin, 158 Fla. 245, 26 So.2d 773 (1946).
However, in the case at bar, Johnson was doing more than merely driving to work. He adduced evidence that he had been instructed to keep the lawn mower filled with gas and was in fact transporting gas to the nursery as part of his job and for the benefit of his employer.
The Supreme Court of Oklahoma was faced with an identical situation in Haco Drilling Co., Inc. v. Burchette, 364 P.2d 674 (1961). In that case, Haco was involved in drilling an oil and gas well about 25 miles from Norman, Oklahoma. The driller hired his crew and was empowered to give instructions as to what they were to do. The driller had instructed one *79 crewman to stop on his way to work from home at an ice house and bring ice and water to the drill site. Haco did not furnish the car and paid no expenses of its operation. The accident occurred at 6:20 A.M. and the crewman was to report for work and wages began at 7:00 A.M. The court held that the above factual situation presents an exception to the general rule that a man’s employment does not begin until he has reached the place of his employment. The court stated that the fact that the crewman was on his way to work does not vary the fact that he was engaged in carrying out instructions given relative to performance of acts in his employment. Likewise, in the instant case, the evidence adduced in the summary proceedings, if believed by a jury, is sufficient to show that Johnson was rendering a service for his employer sufficient to impose liability even though he was on his way to work and not being compensated at the time of the accident. Atlanta Life Insurance Co. v. Stanley, 276 Ala. 642, 165 So.2d 731 (1964).
Appellee’s reliance on cases which discuss the doctrine of deviation from one’s course of employment, such as Nichols v. McGraw, 152 So.2d 486 (Fla.App.1963), are not persuasive since here the accident occurred after the defendant Johnson had completed his errand with the medicine for his wife and had gone back to the business of getting himself and his employer’s gas to work.
Accordingly, we hold that the proofs adduced precluded entry of a summary judgment in the face of justiciable issues of material fact.
Reversed.
CARROLL, DONALD K., J„ concurs.
WIGGINTON, J„ dissents.