WIGGINTON, Judge
(dissenting).
I am unable to agree with the majority opinion which holds that the employee, Johnson, was in the course of his employment at the time his negligent operation of the vehicle owned and driven by him resulted in the damages suffered by plaintiff.
It is admitted that Johnson’s employment with appellee, J. Edwin White, did not commence until he arrived at the farm and entered upon the performance of his normal duties. It was while on his way to work that he stopped and purchased a one gallon can of gasoline which he anticipated would be later needed on the farm for use in operating a mower. He was authorized by White to purchase gasoline when needed for this purpose. It was after Johnson purchased the can of gasoline in question and then embarked on his trip to the farm that the collision involved in this case occurred.
The question presented on this appeal is whether Johnson’s act in purchasing the gasoline to be later used in the performance of his duties after arriving at the farm placed him in the course of his employment with White at the moment he purchased the gasoline and for all times thereafter prior to reaching the farm and entering upon his normal duties. It is my conclusion that it did not.
While it is true that when Johnson purchased the gasoline for the use and benefit of his employer, he was acting as the employer’s agent because he did so with the employer’s implied knowledge and consent. Thus, the employer, White, would . have been liable for any acts committed by his agent with regard to the purchase and handling of the can of gasoline. This does not mean, however, that by purchasing the can of gasoline while in town and before departing for his job Johnson was then in the course of his employment. The purchase of the gasoline might be considered as an act incidental to Johnson’s employment with White but not an act of such nature as to place him in the course of his employment at the time the purchase was made.
*80 The factual situation in this case and the law applicable thereto are analogous in all material respects to that found in the case of Foremost Dairies, Inc. v. Godwin.[1] In that case one Howell was an employee of Foremost Dairies and used his car in the performance of his duties for his employer. On the day in question Howell drove his car to the residence of a co-employee in order to pick up the latter and take him to work. In transporting the co-employee to the office of the employer, Howell was performing an act which was of benefit to the employer. While enroute from the co-employee’s residence to the company office Howell negligently operated his vehicle in such manner as to injure the plaintiff, resulting in substantial damages. The employer, Foremost, was joined as a party defendant on the theory that Howell was in the course of his employment at the time of the collision while on his way to work because while enroute he had performed an act of benefit to the employer. In rejecting this contention, the court quoted with approval from the decision rendered by the Supreme Court of Washington which held .that an employee merely going to and from work in his own car is not in the course of his employment even though he may be allowed compensation by the employer for the use of the car in and about the latter’s business. The court in the Foremost Dairies case acknowledged that had the employee, Howell, arrived at the place of his employment and actually entered upon the duties of his employment after which the collision occurred, a contrary rule of law would apply. By the same token in the case sub judice had Johnson arrived at the farm and entered upon the performance of his duties in the course of which he drove his truck to a service station for the purpose of purchasing the gasoline to be used in the mower operated by him, and while on such trip the accident involved in this case occurred, a different rule of law would be applicable. Such, however, is not the case.
It is my conclusion that the trial court was correct in granting summary judgment on the undisputed evidence before him, and the judgment should be affirmed.

. Foremost Dairies, Inc. v. Godwin (1946) 158 Fla. 245, 26 So.2d 773, 774.