281 So.2d 372 (1973)
Allan Joel WEISS, Appellant,
v.
Edward Esterbrook CULPEPPER et al., Appellees.
No. 72-1205.
District Court of Appeal of Florida, Third District.
July 10, 1973.
Rehearing Denied September 4, 1973.
Horton & Perse, Preddy, Haddad, Kutner & Hardy, Miami, for appellant.
Carey, Dwyer, Austin, Cole & Selwood and Steven R. Berger, Miami, for appellees.
Before CHARLES CARROLL, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellant seeks review of an adverse summary judgment entered in favor of the defendant Hyatt House/19201 Corporation and Continental Casualty Company.
At approximately 1:20 a.m. on the morning of February 5, 1970, plaintiff-appellant sustained serious injuries when the motorcycle he was riding collided with an automobile owned and operated by the defendant Edward Culpepper. In addition to Culpepper, the plaintiff filed suit against Hyatt House/19201 Corporation and its liability insurer, Continental Casualty Company, on the grounds that Culpepper, an employee of Hyatt House, was acting in the course and scope of his employment at the time of the accident. On the date of the accident, Culpepper held the position of southern sales manager which on occasion did *373 require some evening work entertaining hotel guests. The court below granted the motion of defendants, Hyatt House/19201 Corporation and Continental Casualty Company for summary judgment on the grounds that Culpepper was not acting in the course and scope of his employment at the time of the accident and, therefore, these defendants could not be held vicariously liable. The issue as to the liability of Culpepper is not a subject of this appeal.
Plaintiff-appellant contends the trial court erred in holding that the record fails to reflect the existence of genuine issues of material fact relating to whether Culpepper was acting in the course and scope of his employment at the time of the subject accident and, therefore, erred in finding appellees were entitled to judgment as a matter of law. We find no such error.
A master is civilly liable to third persons for injury or damage occasioned by the negligent act of his employee when committed within the scope of his employment. 21 Fla.Jur. Master & Servant § 69 (1958). Nevertheless, it has been established in this jurisdiction that the mere going to or from work in one's own automobile is not in the course of employment. Foremost Dairies, Inc. of the South v. Godwin, 158 Fla. 245, 26 So.2d 773 (1946) and Southern Life & Health Insurance Company v. Smith, Fla.App. 1969, 218 So.2d 784. There are exceptions to this "going and coming rule",[1] but the burden of proof is upon the party desiring to invoke such an exception.
Turning to the case sub judice, the record on appeal clearly reflects that at the time of the accident defendant Culpepper was on his way home from the hotel in his own automobile and there is no showing that on the evening or at the time of the accident he was performing any duties of his employment. It follows then that plaintiff has failed to meet the requisite burden of proof of demonstrating an exception to the "going and coming rule" and, therefore, we find his contention lacking in merit.
Accordingly, the judgment is affirmed.
Affirmed.
NOTES
[1] Merwin v. Kellems, Fla. 1955, 78 So.2d 865; Blount v. State Road Department, Fla. 1956, 87 So.2d 507; Krause v. West Lumber Company, Fla. 1969, 227 So.2d 486. We noted that an overwhelming number of these cases are to be found in the area of workmen's compensation.