RAWLS, Chief Judge.
Appellant, Wilford H. Warren, and Lor-ette Warren, his wife, bring this appeal from a summary final judgment entered in favor of appellee Armour and Company. They assert that the trial court erred in failing to find that a factual issue existed as to whether M. J. McKinney, an employee of Armour, was engaged in the business of his master at the time appellant, Wilford H. Warren, was injured in an automobile accident in which McKinney was the host driver.
The trial court in entering final summary judgment made extensive findings of fact from the standpoint of those most favorable to Warren’s position. The record discloses that Warren was seriously injured in an automobile accident on a Sunday night while returning from a social fishing :trip safari with some other Armour employees and their immediate supervisor. The fishing trip was wholly unconnected with the affairs of Armour. On the Friday night preceding the accident, one McKinney, an employee of Armour, collected $100.00 due to Armour from a restaurant. McKinney then proceeded in his own automobile to Lakeland, Florida, to be with his father and to be initiated into the Loyal Order of the Moose. On Saturday afternoon McKinney stopped by the fishing camp to join appellant and the others and went fishing with the group on Sunday morning. It is evident from the record that a substantial amount of drinking was involved as is quite often the custom of a group of men indulging in a weekend fishing trip. A supervisor for Armour, who was a member of the group, directed Warren to ride back with McKinney on Sunday to see that McKinney arrived safely with the money and in time to report for work Monday. Although of no particular import in determination of this case, Warren and McKinney made several stops for beers while returning to their homes from the fishing trip on Sunday night. It was on this set of facts that the trial judge entered a summary judgment finding that McKinney was not engaged in his master’s business at the time of the instant automobile accident which resulted in the injury to Warren, and thus this action was not cognizable against ap-pellee Armour.
. Appellant relies primarily upon this Court’s opinion in Southern Life and Health Ins. Co. v. Smith, 218 So.2d 784 (1 Fla.App.1969), in which we held that ap-pellee was engaged in his master’s business when he transported his master’s money and himself to the master’s office. A salient fact present in Southern Life is that the employee in that instance had gone to work on his master’s business before departing on the trip to the master’s office to transport funds belonging to the master. This salient fact is absent in the instant cause as the uncontroverted record clearly discloses that McKinney was not engaged in his master’s business when he departed the weekend fishing safari. The fact that McKinney had some of his master’s money on his person does not make his personal weekend activities part of his job. Ford Motor Co. v. Floyd, 137 Fla. 301, 188 So. 601 (1939); Whetzel v. Metropolitan Life Ins. Co., 266 So.2d 89 (Fla.App.1972); and Nagy v. Kangesser, 32 Ohio App. 527, 168 N.E. 517 (Ohio 1928).
The judgment appealed is affirmed.
JOHNSON and SPECTOR, JJ., concur.