453 So.2d 208 (1984)
Martha H. FREEMAN and Jerry R. Freeman, Appellants,
v.
MANPOWER, INC., and MacDonald Services, Inc., D/B/a Manpower Temporary Services, et al., Appellees.
No. AU-290.
District Court of Appeal of Florida, First District.
July 25, 1984.
Louis K. Rosenbloum of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for appellants.
John M. Fite of Barron, Redding, Boggs, Hughes, Fite, Bassett & Fensom, P.A., Panama City, for appellees.
*209 NIMMONS, Judge.
Appellant Martha H. Freeman was injured in an automobile accident in which her vehicle was struck by one operated by Robert McLaney. Mrs. Freeman and her husband sued McLaney and McLaney's liability insurer. Subsequently, the Freemans filed an amended complaint adding as a party defendant MacDonald Services, Inc., a licensee of Manpower, Inc., d/b/a Manpower Temporary Services (hereinafter referred to as "Manpower") claiming that McLaney was an employee of Manpower and that, at the time of the accident, McLaney was acting within the scope of his employment. Manpower admitted that McLaney was one of its employees but denied that he was acting within the scope of his employment at the time of the accident.
The Freemans appeal from a summary judgment entered favor of Manpower. We affirm.
The facts relevant to the issues on appeal are not in dispute. Manpower was in the business of providing temporary help to businesses requesting specific services. McLaney had worked "off and on" for a while with Manpower prior to the accident. The procedure followed by Manpower for work assignments was that if a Manpower worker wanted to work on a particular day, he would call Manpower that morning. If work was available, Manpower would call the worker back and advise him when and where to report for the work assignment. Manpower workers provided their own transportation and received no mileage or travel allowances. They were paid only for time spent working at the job site. Manpower provided the worker with a time sheet which was completed by the supervisor for whom the work was being performed that day. The worker would return the completed time sheet to Manpower which would in turn mail the worker a check.
On the day of the accident, McLaney called Manpower at about 7:00 a.m. to inquire about the availability of work. Manpower called him back and told him to report to the Lewis Bear Company to do general labor work. McLaney had not previously worked at that company. On the way to the job site in his own vehicle, McLaney's vehicle struck Mrs. Freeman's vehicle in the rear. McLaney did not report the accident to Manpower and the first knowledge that Manpower had of the accident was when Manpower was joined in the suit as a defendant.
On these facts, the trial court concluded that there was no genuine issue of material fact as to whether McLaney was within the course and scope of his employment at the time of the subject accident and that Manpower was entitled to judgment as a matter of law. We agree.
An employer is, of course, liable to third parties for injury or damage caused by the negligence of his employee when committed within the scope of his employment. 2 Fla.Jur.2nd Agency and Employment § 209. Nevertheless, it is equally well settled that an employee driving to or from work is not within the scope of employment so as to impose liability on the employer. Foremost Dairies, Inc. of the South v. Godwin, 158 Fla. 245, 26 So.2d 773 (1946); Standley v. Johnson, 276 So.2d 77 (Fla. 1st DCA 1973); Weiss v. Culpepper, 281 So.2d 372 (Fla. 3rd DCA 1973). And this is true even though the vehicle was used in the work and partly maintained by the employer. Foremost Dairies, Inc. of the South v. Godwin, supra.
In urging reversal, appellants rely heavily upon Eady v. Medical Personnel Pool, 377 So.2d 693 (Fla. 1979). Although a workers' compensation case, it has been recognized that such cases decided under the "arising out of and in the course of employment" standard of workers' compensation are instructive in determining the limits of the common law doctrine of respondeat superior. See Saudi Arabian Airlines Corp. v. Dunn, 438 So.2d 116, 122 (Fla. 1st DCA 1983). See also Thurston v. Morrison, 141 So.2d 291, 294 (Fla. 2nd DCA 1962). Nevertheless, appellants fare no better under *210 the Eady case as an analysis of that decision will demonstrate.
In Eady, the claimant was a nurse who worked for Medical Personnel Pool, a temporary manpower service that provided nurses and other trained medical personnel. Mrs. Eady was subject to being called at any time on special request jobs, even after having just completed a scheduled eight-hour assignment. On such special request jobs, the employee was always paid for at least four hours work even if the assignment took less time than that. After working a regular eight-hour assignment on the day of the accident, Eady's employer called her at home and asked her to proceed to the home of a client to do an intravenous administration. She soon completed the assigned task and returned home. Later that evening, the same client called Eady and asked her to return to change the intravenous bottle. En route to the client's home, Eady was injured in an automobile accident. The Supreme Court held that Eady qualified for compensation under the special errand exception to the going and coming rule about which the court observed:
Strictly speaking then, there is no on-call exemption because compensation is based not on the employee's on-call status but on the circumstance that at the time of injury he was on a special errand in response to a call from his employer. The going and coming rule does not apply to employees on special errands or missions for the employer. Moody v. Baxley, 158 Fla. 357, 28 So.2d 325 (1946). Special errands often arise in the context of an afterhours call from the employer. See Feltner v. Southern Bell Tel. & Tel. Co., 274 So.2d 530 (Fla. 1973). As a practical matter, the irregularity and suddenness of a call from the employer will almost always qualify it as a special errand exempt from the going and coming rule.
377 So.2d at 693.
A number of factors lead us to the conclusion that this is not a proper case for application of the special errand exception to the going and coming rule. The journey was not a substantial part of the service performed for the employer. For example, this is not a case where the employee has as part of his job the duty to return to the job site to perform a task which consumes relatively little time. See 1A. Larson, The Law of Workmen's Compensation § 16.00 (1978); Eady, supra, at 696; Gray v. Dade County School Board, 433 So.2d 1009, 1011 (Fla. 1st DCA 1983). Also, the time and length of the journey involved in the case at bar appear to be no greater than the vast majority of instances involving workers reporting to their job sites in the community in which they reside.
The Eady court appeared to place significant reliance upon the suddenness of the employer's call and the burden on the employee responding to such call "even when the call is a regular part of the job or nominally voluntary," Id. at 696. In the first place, there is no suggestion from the evidence that a person on an unskilled labor pool list of the kind involved in the instant case would feel any significant pressure to accept the employer's assignment. But more important, it was not the employer who initiated the call to McLaney. Instead, McLaney called Manpower and requested assignment. It can hardly be said that the suddenness of the employer's assignment is a factor in this case weighing in favor of employer liability.
Additionally, the job involved in the instant case did not require any travel, see Tampa Ship Repair & Dry Dock Co. v. Young, 421 So.2d 706 (Fla. 1st DCA 1982), and there was no arrangement or understanding for employer reimbursement of McLaney's use of his car. McLaney had not yet started the day's work, Foremost Dairies, Inc. of the South v. Godwin, supra 26 So.2d at 774, he was on his way to a regular eight-hour work day and was to be paid only while working at the job site. Further, Manpower assumed no control over McLaney with respect to his trip to the job site or the route that he was to take.
The fact that McLaney was proceeding to a job site which was "irregular or perhaps *211 even unfamiliar," Eady, supra at 697, is hardly sufficient to outweigh the other factors which clearly indicate the applicability of the going and coming rule. The trial court was correct in entering the summary judgment in favor of Manpower.
AFFIRMED.
THOMPSON and BARFIELD, JJ., concur.