ALLEN, Judge.
The appellant challenges a judgment entered for the Department of Management Services (DMS) in a negligence action where the appellant was seeking damages in connection with the operation of a motor vehicle by a DMS employee. We conclude that the court gave the jury an improper instruction regarding whether the employee was acting within the course and scope of the employment at the time of the incident, as a basis for determining DMS’ possible liability.
The appellant’s action was predicated on allegations that the DMS employee negligently operated a motor vehicle which collided with a pedestrian. The case proceeded to trial after a summary judgment for DMS was overturned in Pearce v. Lott, 657 So.2d 87 (Fla. 1st DCA 1995). At trial there was evidence indicating that the DMS employee was driving from his home to a site where repairs were made to DMS equipment. This trip was made in conjunction with the employee’s travel to his usual DMS workplace, but it required a detour along a different and less direct route. Furthermore, while there was conflicting evidence as to many of the circumstances, there was testimony from which the jury could determine that this was an approved practice whereby the employee would obtain equipment needed in the day’s work.
During jury instructions regarding the course and scope of employment, the court told the jury that ordinarily an employer is not responsible for negligence which occurs while an employee is on the way to work. The court further informed the jury that an employer is responsible for negligence which occurs when the employee has already begun work, and also when an employee is on a special errand for the employer. The court then advised the jury of several factors which might be considered in evaluating whether an employee is on a special errand.
*588 The manner in which the jury was instructed may have been based in part on this court’s observation in Pearce that a jury question was presented there as to whether the employee was on the way to work, had already begun work, or was on a special errand. But Pearce did not compel such an instruction, as that case merely addressed the potential issues which could be developed at trial so as to preclude summary judgment. The instruction as given also generally accords with and tends to facilitate the DMS argument that, because the employee had not arrived at his usual workplace, DMS’ liability would ensue only upon a showing that the employee was on a special errand. But this position is derived from workers’ compensation doctrine, and depends on an overly restrictive view of when an employee has begun work. Indeed, numerous circumstances may impact this determination within the workers’ compensation context, and an employee may attain such status without being at the usual workplace or on a special errand. E.g., Nikko Gold Coast Cruises v. Gulliford, 448 So.2d 1002 (Fla.1984). Furthermore, the attempt to effectuate a wholesale and unqualified importation of workers’ compensation doctrine into this type of civil litigation is rather questionable, and potentially misleading. Such doctrine has developed in a highly specialized manner and can sometimes lead to confusion when considered in other contexts. This confusion was exacerbated in the present case when the court informed the jury of factors which might be considered to determine the existence of a special errand, without explaining the application of those factors or their interplay with the assessment of whether the employee had otherwise begun work. While workers’ compensation doctrine may occasionally be instructive in tort actions involving vicarious liability, e.g., Freeman v. Manpower, Inc., 453 So.2d 208 (Fla. 1st DCA 1984), the governing principles are not always identical and workers’ compensation doctrine should not necessarily control such tort actions. Sussman v. Florida East Coast Properties, 557 So.2d 74 (Fla. 3d DCA 1990).
In addition to these problems, there is a more fundamental defect with the instruction in the pi'esent case. Apparently desiring to avoid the doctrinal complication which might ensue from the special errand concept, the appellant expressly repudiated this theory at trial and clearly advised the court that she did not want the jury to be given such an instruction. Because there was sufficient evidence to permit recovery under the appellant’s particular theory of the case — that the DMS employee was within the course and scope of his employment without resort to the special errand doctrine — she was entitled to have the jury instructed on this basis. See, e.g, Hammond v. Jim Hinton Oil Co., 530 So.2d 995 (Fla. 1st DCA 1988).
The jury instruction in this case was confusing and potentially misleading, and should not have referred to the special errand doctrine. The appealed order is therefore reversed, and the case is remanded.
WOLF and DAVIS, JJ., concur.