966 So.2d 5 (2007)
Rocio GARCIA, a minor, by and through her parent and best friend, Laura Garcia, and Laura Garcia and Armando Garcia, her parents, Appellants,
v.
CITY OF HOLLYWOOD, a political subdivision of the State of Florida, Appellee.
No. 4D06-970.
District Court of Appeal of Florida, Fourth District.
June 6, 2007.
Arnold R. Ginsberg of Ginsberg & Schwartz, Miami, and Marcos A. Gonzalez, Coral Gables, for appellants.
Daniel L. Abbott, City Attorney, and Tracy A. Lyons, Assistant City Attorney, Hollywood, for appellee.
PER CURIAM.
We withdraw our opinion issued February 21, 2007 and replace it with this opinion.
Rocio Garcia, a minor, by and through her parent and best friend, Laura Garcia, and Laura Garcia and Armando Garcia, her parents ("Garcia"), appeal a final summary *6 judgment entered in favor of the City of Hollywood ("City"). This case involves personal injuries sustained by the minor, Rocio Garcia, who as a pedestrian was struck by a vehicle owned by the City and operated by one of its police officers, Sergeant Norris Redding ("Sergeant Redding"). The trial court concluded that at the time of the accident in question, Sergeant Redding, who was driving to the police station, was not in the course and scope of his employment with the City, and therefore the City was not liable as a matter of law. We affirm.
The accident in question occurred at approximately 6:00 a.m. on May 19, 2004. At that time, Sergeant Redding was driving to the police station in a marked "take-home" vehicle owned by his employer, the City. Sergeant Redding testified that the "take-home" policy provided that the vehicle could be driven to and from work. On the morning of the accident, Sergeant Redding was driving to the police station from home on the route that he had been taking on a daily basis for five or six years. Sergeant Redding's shift was to begin at 7 a.m. and he was going in one hour early that morning to study for the Lieutenant's exam which was to take place several months later. As he was driving that morning, he struck and seriously injured the minor Garcia as she attempted to cross a roadway in an effort to reach her school bus.
The vehicle "take-home" policy was part of the Collective Bargaining Agreement between the Broward County PBA and the City which provided in part that the purpose of the vehicle "take-home" policy was to provide the appearance of additional police presence. Sergeant Redding's supervisor, Major Frank McGarry, testified that "take-home" vehicles are part of the City's employment package and are "only permitted to be used portal to portal or for off-duty details." McGarry testified that if a police officer is going to or from home in a police vehicle and witnesses a crime being committed, the officer must stop and take action. The officer must also be dressed in uniform and armed when operating a police vehicle.
Garcia asserts a jury issue exists regarding the "course and scope of employment" because (1) at the time of the accident, Sergeant Redding was operating a vehicle provided to him by his employer to be used only for transportation to and from work, (2) the "take-home" vehicle was part of the City's employment package, and (3) Sergeant Redding was required to be in uniform while operating the vehicle.
The City argues in response that the trial court properly granted its motion for summary judgment as a matter of law because the uncontradicted testimony established that Sergeant Redding had yet to begin work when the accident occurred and was merely driving to the police station an hour before his shift began to study for an exam prior to beginning work. The City notes that although Sergeant Redding was driving a City-owned police vehicle, the Florida Supreme Court has held that our waiver of sovereign immunity statute, section 768.28(1), Florida Statutes (2004), does not waive sovereign immunity under the dangerous instrumentality doctrine. Rabideau v. State, 409 So.2d 1045, 1046 (Fla.1982) ("twenty-four-hour assignment of a state-owned vehicle to a state employee does not enlarge state liability under section 768.28 to include acts committed outside the employee's scope of employment").
In Foremost Dairies, Inc. v. Godwin, 158 Fla. 245, 26 So.2d 773 (1946), a claimant sued a corporation for the negligence of an employee who injured the claimant while driving a car to work which the employee owned. The corporation paid *7 for fuel and repairs. The claimant recovered a judgment on the theory that the driver was engaged in the business of the corporation at the time of the accident, but the Florida Supreme Court reversed, holding that an employee, "merely going to or from work in his own car," is not in the course of his employment as a matter of law. Id. at 774 (quoting Bourus v. Hagen et al., 192 Wash. 588, 74 P.2d 205 (Wash. 1937)). In Everett Ford Co. v. Laney, 189 So.2d 877 (Fla.1966), an employee who worked irregular hours was returning to work after the office was closed, but had forgotten her key. While driving home to obtain her key, she was involved in an accident. Our supreme court held that she was not within the scope of her employment when the accident occurred, even though this was not the normal time to drive to work. Id. at 878.
We find additional support for the conclusion that Sergeant Redding was not within the course and scope of his employment at the time of the accident in Palm Beach County Sheriff's Office v. Ginn, 570 So.2d 1059 (Fla. 1st DCA 1990). In Ginn, the First District reversed the order of the judge of compensation claims which found that the injuries of the claimant law enforcement officer were incurred at a time when the claimant was acting within the course and scope of his employment. Id. at 1060. The claimant, a Palm Beach County deputy sheriff, was off-duty and on a personal errand within Palm Beach County when he was injured in an automobile accident. Id. As a fringe benefit of his employment, he had been provided with a sheriff's office vehicle, which he was allowed to use on personal business and which he was driving at the time of the accident. Id. Prior to the accident, claimant had been monitoring the police radio in the vehicle, in the event that he might be called on duty to assist with some law enforcement matter. Id. Additionally, claimant was wearing a beeper at the time of the accident, which he was required to possess and monitor at all times as a member of the sheriff's office emergency field force. Id. In finding that the claimant was not acting within the course his employment, the First District held:
The fact that a law enforcement officer is on call for duty and has a police radio and other indicia of his authority in his possession is not dispositive in determining whether an off-duty officer is acting within the course of his employment. Rather, the issue, pursuant to the provisions of Section 440.091, is whether the officer is carrying out his primary responsibility, which is the "prevention or detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state."
Id. The court concluded that although the claimant was fully prepared to be called on duty, he was not actually on duty when the accident occurred. Id. at 1061. He was not in the process of carrying out any "primary responsibility" as delineated by Section 440.091, Florida Statutes. Id.
Similarly, at the time of the accident, Sergeant Redding was not in the process of carrying out a "primary responsibility" of his job as a police officer. He was not engaged in the "prevention or detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the State." Rather, at the time of the accident, which occurred around 5:57 a.m., Redding was off-duty and made the personal decision to go to the police station an hour before his shift started at 7:00 a.m. to study for an upcoming Lieutenant's exam. He was not furthering any interest of his employer or performing any duties of his employment. He was simply in transit to the police station an hour before he was required to report for work for the personal *8 reason of studying for the Lieutenant's exam.
Affirmed.
GUNTHER, POLEN and HAZOURI, JJ., concur.