IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CITY OF WINTER PARK,

       Appellant,

v.

       Case No. 5D22-1757
       LT Case No. 2021-CA-000042

ROSEMARY VEIGLE,

       Appellee.

_____/

Opinion filed June 30, 2023

Nonfinal Appeal from the Circuit Court
for Seminole County,
Jessica Recksiedler, Judge.

Michael J. Roper and Anna E.
Engelman, of Roper, P.A., Orlando,
for Appellant.

Brian J. Lee, of Morgan & Morgan,
Jacksonville, for Appellee.


JAY, J.

      An officer from the Winter Park Police Department got into a car

accident while driving home from work. The other driver involved in the

accident sued the City of Winter Park ("Winter Park"), alleging that the city was vicariously liable for the officer's purportedly negligent driving. Winter Park moved for summary judgment on sovereign immunity grounds, arguing that the officer was not acting within the scope of his employment when the accident occurred.

The trial court found that the issue of whether the officer was within the scope of his employment was a fact question and denied summary judgment. Because we hold that Winter Park proved its entitlement to sovereign immunity as a matter of law, we reverse the trial court's order.

I.

Officer Rojas is a police officer in Winter Park, a municipality in Orange County. On June 17, 2019, he was involved in a car accident in Casselberry, a municipality in Seminole County. Rosemary Veigle ("Plaintiff"), the driver of the other car involved in the accident, sued Winter Park for negligence, claiming the city was vicariously liable for Officer Rojas's driving.

Winter Park moved for summary judgment. The motion averred that Officer Rojas was outside the scope of his employment at the time of the accident because he was off duty and on his way home from work. Thus, Winter Park maintained that it had sovereign immunity against Plaintiff's suit.

2

In support of its motion, Winter Park attached an affidavit from Officer Rojas. The affidavit provided that as part of his employment, Winter Park assigned him "a take-home patrol vehicle to drive to and from work, and during each shift." Officer Rojas reported that on the day of the accident, his shift ended at 3:00 p.m. Thereafter, he left the police station in his take-home patrol vehicle. Approximately thirty minutes later, while on his way home along his customary route, Officer Rojas was involved in the car accident in Casselberry, which is beyond Winter Park city limits. The affidavit concluded, "I did not at any time after my shift, and up to the time of this accident, perform any duties as a police officer."

The trial court initially denied Winter Park's motion without prejudice to allow the parties to complete additional discovery. Several months later, Winter Park renewed its motion for summary judgment. In all material respects, the renewed motion was the same as the first motion. It also relied on the same affidavit from Officer Rojas.

Plaintiff deposed Officer Rojas. He testified that on June 17, 2019, he completed his shift at 3:00 p.m. and clocked out via the department's electronic timekeeping system. At 3:28 p.m., while driving home in his take-home patrol vehicle along his normal route, he was involved in a car accident at an intersection in Casselberry. He was wearing his Winter Park Police

3

Department uniform. Two Casselberry police officers responded to the scene of the accident. Casselberry is outside Winter Park city limits, and Officer Rojas had no law enforcement authority there. He testified that he did not carry out any law enforcement functions from the end of his shift to the time of the accident.

After holding a hearing, the trial court denied Winter Park's renewed motion for summary judgment. The court ruled that whether Officer Rojas was within the scope of his employment was a disputed issue of material fact for a jury to resolve. In this appeal, Winter Park maintains that it proved its entitlement to sovereign immunity as a matter of law.[1]

## II.

Our review is de novo. *See Fla. Bar v. Rapoport*, 845 So. 2d 874, 877 (Fla. 2003) ("Furthermore, the standard of review on summary judgment orders is de novo."); *Lee Mem'l Health Sys. v. Hilderbrand*, 304 So. 3d 58, 60 (Fla. 2d DCA 2020) ("The issue of a party's entitlement to sovereign

---

[1] Winter Park also claims that the trial court erred by considering—and, in Winter Park's view, misconstruing—Officer Rojas's deposition, which Winter Park argues was not properly part of the summary judgment evidence. Because Winter Park did not raise this argument in the trial court, it is waived. *See Rose v. Clements*, 973 So. 2d 529, 530 (Fla. 1st DCA 2007) ("Any basis for reversal of summary judgment must be preserved by raising the issue in the trial court."); *see, e.g.*, *Jelic v. CitiMortgage, Inc.*, 150 So. 3d 1223, 1226 (Fla. 4th DCA 2014); *Vidal v. Liquidation Props., Inc.*, 104 So. 3d 1274, 1276 (Fla. 4th DCA 2013).

immunity is a legal issue subject to the de novo standard of review.").

To obtain summary judgment, a movant must show that (1) "there is no genuine dispute as to any material fact" and (2) "the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a). A dispute is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. *Ibarra v. Ross Dress for Less, Inc.*, 350 So. 3d 465, 467 (Fla. 3d DCA 2022).

Winter Park asserts that because the crash occurred when Officer Rojas was on his regular commute home, he was not within the scope of his employment as a matter of law. As such, Winter Park concludes that it is entitled to sovereign immunity—and, in turn, summary judgment—against Plaintiff's claim. On the other hand, Plaintiff maintains the evidence would allow a reasonable jury to find that Officer Rojas was acting within the scope of his employment, which would preclude sovereign immunity.

The doctrine of sovereign immunity provides that a government and its subdivisions cannot be sued without the government's consent. *Fla. Dep't of HRS v. S.A.P.*, 835 So. 2d 1091, 1094 (Fla. 2002). The relevant portion of the sovereign immunity statute reads:

> The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner

5

exhibiting wanton and willful disregard of human rights, safety, or property.

§ 768.28(9)(a), Fla. Stat (2019).

Therefore, "[i]n any given situation," either the government *or* its employee can incur liability, "but not both." *McGhee v. Volusia Cnty.*, 679 So. 2d 729, 733 (Fla. 1996); *see also Keck v. Eminisor*, 104 So. 3d 359, 366 (Fla. 2012) (noting that under the statute, if an employee's act is not within the scope of his employment, "the plaintiff can recover only from the employee, not from the State"). Section 768.28(9)(a) provides "both an immunity from liability *and* an immunity from suit, and the benefit of this immunity is effectively lost if the person entitled to assert it is required to go to trial." *Willingham v. City of Orlando*, 929 So. 2d 43, 48 (Fla. 5th DCA 2006). Thus, "the trial judge must act as a gatekeeper" and "should terminate civil proceedings when the immunity applies." *Id.*

Here, there is no dispute that the accident occurred after Officer Rojas's shift ended, when he was outside his law enforcement jurisdiction, and while he was on his way home following his customary route. This evidence shows that as a matter of law, Officer Rojas was a commuter driving home at the time of the accident, not an employee acting within the scope of his employment. *See Hernandez v. Tallahassee Med. Ctr., Inc.*, 896 So. 2d 839, 843 (Fla. 1st DCA 2005) ("Similarly, under the doctrine of

6

vicarious responsibility, the law is well established that an employee driving to and from work is not within the scope of employment so as to impose liability on the employer."); *accord Peterson v. Cisco Sys., Inc.*, 320 So. 3d 972, 974 (Fla. 2d DCA 2021); *Dupree v. Speer*, 266 So. 3d 884 (Fla. 5th DCA 2019).

The fact that Officer Rojas was driving a patrol vehicle does not change the analysis. The Florida Supreme Court has held that merely driving a government-owned vehicle, which the government has authorized for personal use, does not transform an otherwise off-the-clock government employee into one acting within the scope of his employment. *See Rabideau v. State*, 409 So. 2d 1045, 1046 (Fla. 1982) ("We hold, therefore, that twenty-four-hour assignment of a state-owned vehicle to a state employee does not enlarge state liability under section 768.28 to include acts committed outside the employee's scope of employment.").

Neither does Officer Rojas's uniform. In *Garcia v. City of Hollywood*, 966 So. 2d 5 (Fla. 4th DCA 2007), Sergeant Redding, a Hollywood police officer, struck a pedestrian with his marked, "take-home" patrol car. *Id.* at 6. On the morning of the accident, Sergeant Redding was driving to the police station from his residence. *Id.* The plaintiff argued that a jury issue existed as to whether Sergeant Redding was in the scope of his employment

7

because he was driving a "take-home" patrol vehicle and "was required to be in uniform while operating the vehicle." *Id.* The Fourth District Court rejected these arguments, holding that "at the time of the accident, Sergeant Redding was not in the process of carrying out a 'primary responsibility' of his job as a police officer" because he "was not engaged in the 'prevention or detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the State.'" *Id.* at 7 (quoting section 440.091(1)(a), Florida Statutes, which addresses when a law enforcement officer is acting within the scope of his employment for workers' compensation purposes). Accordingly, the district court affirmed the trial court's conclusion "that at the time of the accident . . . Sergeant Redding, who was driving to the police station, was not in the course and scope of his employment with the City, and therefore the City was not liable as a matter of law." *Id.* at 6.

## III.

In both his affidavit and deposition—which are unrebutted by anything else in the record—Officer Rojas swore that the accident occurred after he left work and while he was outside Winter Park city limits (i.e., outside his law enforcement jurisdiction). At the time of the accident, he was simply a commuter driving home along his usual route. On this record, no reasonable jury could find that Officer Rojas was acting within the scope of his

8

employment for Winter Park when his vehicle struck Plaintiff's vehicle in Casselberry approximately thirty minutes after his workday ended. *See Rabideau*, 409 So. 2d at 1046; *Garcia*, 966 So. 2d at 6–7; *Hernandez*, 896 So. 2d at 843. Therefore, as a matter of law, Winter Park is entitled to sovereign immunity from Plaintiff's suit. *See* § 768.28(9)(a), Fla. Stat.; *Willingham*, 929 So. 2d at 48. Accordingly, we reverse the trial court's order and remand with instructions to grant Winter Park's renewed motion for summary judgment.

REVERSED and REMANDED with instructions.

LAMBERT, C.J., and MAKAR, J., concur.