# Third District Court of Appeal
## State of Florida

Opinion filed January 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0802
Lower Tribunal No. 19-31984
_____

**Yesit Campo, etc., et al.,**
Appellants,

vs.

**Uber Technologies, Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Ramon M. Rodriguez, P.A., and Ramon M. Rodriguez, for appellants.

Wilson, Elser, Moskowitz, Edelman & Dicker LLP, and Donna M. Krusbe (West Palm Beach), for appellees.

Before EMAS, FERNANDEZ and BOKOR, JJ.

BOKOR, J.

Yesit Campo, as the personal representative of the estate of Arlevys Molina,[1] appeals final summary judgment entered in favor of Uber Technologies, Inc., Rasier, LLC, Rasier (FL), LLC, and Rasier-DC, LLC (collectively, Uber) in a wrongful death action. Campo sued Uber and Orlando Baez Castillo after a tragic accident in which Castillo struck and killed Molina. Uber sought summary judgment, contending that while Castillo had contracted and worked as an Uber driver in the past, he was driving his private vehicle on personal business and wasn't working for Uber at the time of the accident. The trial court granted final summary judgment in favor of Uber. Because the trial court correctly concluded that no dispute of material

_____

[1] The caption of the notice of appeal lists the named plaintiffs below as:

> YESIT CAMPO, as Personal Representative of the Estate of Arlevys Molina, for the use and benefit of the Estate of Arlevys Molina, Daniel Stephen Molina, as surviving son and beneficiary of the Estate of Arlevys Molina, Evelyn Marie Molina, as surviving daughter and beneficiary of the Estate of Arlevys Molina, John Christopher Baez, as surviving minor son and beneficiary of the Estate of Arlevys Molina, YESIT CAMPO as guardian of the property of John Christopher Baez, a minor and surviving son and beneficiary of the Estate of Arlevys Molina, Olivia Jazmin Baez, as surviving minor daughter and beneficiary of the Estate of Arlevys Molina, YESIT CAMPO as guardian of the property of Olivia Jazmin Baez, a minor and surviving daughter and beneficiary of the Estate of Arlevys Molina, and Omayra Patricia Molina, as surviving sister and beneficiary of the Estate of Arlevys Molina.

For ease of reference, we collectively refer to the appellants as Campo.

2

fact exists and that under the circumstances Uber could not be vicariously liable for Castillo's potentially negligent act and the resulting fatal accident, we affirm.

BACKGROUND

On November 1, 2017, Castillo, along with his son, picked up his daughter from school and dropped her off at Molina's home.[2] After dropping his daughter off at home, Molina asked Castillo to buy groceries, so he left to the grocery store with his son and returned to the house soon thereafter. Tragically, however, as Castillo was leaving Molina's home, Molina ran out into the street towards Castillo's car, and while his car was in reverse, Castillo accidentally struck and killed her.

Nearly two years following the incident, Campo initiated the underlying wrongful death action against Castillo, Uber, and Geico General Insurance Company.[3] Relevant to this appeal, the complaint asserted Uber was vicariously liable for Castillo's negligent acts, as Castillo was acting within the course and scope of his purported employment with Uber at the time of the accident.

---

[2] Molina is Castillo's former partner and the mother of Castillo's daughter.
[3] Campo later filed a voluntary dismissal as to Geico General Insurance Company below.

3

Uber moved for summary judgment, arguing it was not vicariously liable, as Castillo was not logged on to the Uber app at the time of the November 1, 2017 accident and had not logged on to the Uber app since June 18, 2017, nearly five months prior to the accident. To support its allegations, Uber attached Castillo's sworn declarations, its data expert's affidavit, and its internal data records to its motion for summary judgment. Campo offered no evidence in contravention of Castillo's and Uber's evidence that Castillo wasn't working for Uber at the time of the accident. The trial court granted judgment in Uber's favor, finding that the record evidence demonstrated Castillo was not logged on to the Uber app on the date of the accident, and thus, Uber could not be held liable for conduct outside the scope of any alleged employment because "[w]hen a driver goes offline, it is analogous to a traditional worker 'clocking out' or being 'off the clock.'"

## ANALYSIS

We review a grant of summary judgment de novo. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). Summary judgment is appropriate only when the movant demonstrates there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a). A genuine dispute is

4

one in which "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." In re Amends. to Fla. Rule of Civ. Proc. 1.510, 309 So. 3d 192, 193 (Fla. 2020) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "The burden of establishing that there is no genuine issue of material fact lies with the moving party." Walker v. Darby, 911 F.2d 1573, 1576 (11th Cir. 1990). But once "the moving party has carried its burden . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (citations omitted); see also Walker, 911 F.2d at 1576–77 ("[The nonmovant's] responses, either by affidavits or otherwise as provided by the rule, must set forth specific facts showing that there is a genuine issue for trial. A mere 'scintilla' of evidence supporting the opposing party's position will not suffice . . . .").

Florida law is well settled that an employer is not vicariously liable for an employee's actions when the employee is acting outside the scope of his or her employment. See Bennett v. Godfather's Pizza, Inc., 570 So. 2d 1351, 1353–54 (Fla. 3d DCA 1990) (holding an employer is vicariously liable to third parties when an employee's negligent acts are committed within the scope and course of his or her employment). An employee is not acting within the scope of his or her employment "if it can be found that the

5

employee had 'stepped away' from or abandoned the employer's business at the time the tort was committed." Johnson v. Gulf Life Ins. Co., 429 So. 2d 744, 746 (Fla. 3d DCA 1983). Moreover, in Florida, "mere going to or from work in one's own automobile is not in the course of employment." Weiss v. Culpepper, 281 So. 2d 372, 373 (Fla. 3d DCA 1973); see also Sussman v. Fla. E. Coast Props., Inc., 557 So. 2d 74, 76 (Fla. 3d DCA 1990) (concluding an employee was outside the scope of employment when the employee stopped at a supermarket, while on her way to work, to purchase a cake for a fellow employee's birthday celebration).

Campo argues a genuine dispute of material fact exists as to whether Castillo was logged in to the Uber app on the date of the November 1, 2017 accident.[4] Here, however, Uber's internal data records, and supporting

---

[4] On appeal, Campo also contends a genuine dispute of material facts exists as to Castillo's relationship with Uber and suggests Castillo was an employee, rather than an independent contractor, of Uber. Uber maintains Castillo was an independent contractor but nevertheless argues it would not have been liable under either classification. Although "the nature and extent of the relationship of parties said to occupy the status of principal and agent presents a question of fact," Parker v. Domino's Pizza, Inc., 629 So. 2d 1026, 1027 (Fla. 4th DCA 1993), an issue of fact alone does not automatically preclude summary judgment. Although Florida law likely establishes Castillo as an independent contractor, see, e.g., McGillis v. Dep't of Econ. Opportunity, 210 So. 3d 220, 225 (Fla. 3d DCA 2017) ("We agree with the Department's conclusion that Uber drivers like McGillis are not employees for purposes of reemployment assistance."), that determination isn't before us on appeal. Importantly, such determination would not change the result,

6

affidavits indicate Castillo was offline from the Uber app on the date of the accident and hadn't logged on for months. Specifically, Castillo attested several times that he was logged out of the Uber app and driving his personal car when the accident occurred. Additionally, Uber's data expert attested that, upon reviewing internal records, Castillo logged off the Uber app at 11:24 p.m. on June 18, 2017, and did not log back on until months later at 10:37 a.m. on December 7, 2017. Despite this uncontroverted evidence, Campo contends the existence of two cell phones in Castillo's car at the time of the accident reveals a genuine issue of material fact, suggesting Castillo could have been using the Uber app on one of the two phones. But Campo offers nothing other than speculation. And such speculation doesn't rise to the level of summary judgment evidence. As such, to reach Campo's desired inference, "a jury would have to impermissibly stack inferences" and speculate based on nothing more than an unsupported hunch. Leftwich v. Wal-Mart Stores E., LP, 49 Fla. L. Weekly D436, at *3 (Fla. 5th DCA Feb. 22, 2024); Broward Exec. Builders, Inc. v. Zota, 192 So. 3d 534, 537 (Fla. 4th DCA 2016) ("The purpose of this rule against stacking inferences is to protect litigants from verdicts based on conjecture and speculation."

---

because under either classification, Uber would not be responsible for Castillo's actions based on the undisputed record in this case.

7

(quotation omitted)); <u>Vermeulen v. Worldwide Holidays, Inc.</u>, 922 So. 2d 271, 273 (Fla. 3d DCA 2006) ("Mere speculation or inference of negligence is insufficient to defeat summary judgment."); <u>Cordoba v. Dillard's, Inc.</u>, 419 F.3d 1169, 1181 (11th Cir. 2005) ("Speculation does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment.").

Campo further asserts that Uber's data expert's lack of communication with Castillo in generating the affidavit, as well as the fact that Uber's records were undated, unsigned, and lacked unique identifiers, demonstrate genuine issues of material fact. However, the trial court properly considered this evidence and Campo offered no evidence, only argument, in opposition to the data and evidence presented. The record conclusively shows Castillo was offline on the date of the accident, and nothing in the record contradicts this fact. <u>See</u> <u>In re Amends.</u>, 309 So. 3d at 193 (explaining that nonmovant must present more than mere colorable, non-probative conjecture to defeat summary judgment). Because Castillo was not logged on to the Uber app on November 1, 2017, or otherwise engaged in any employment activity for Uber at the time of the accident, Uber cannot be held vicariously liable for Castillo's negligent actions. <u>See</u> <u>Weiss</u>, 281 So. 2d at 373.

8

Ultimately, Castillo was logged off the Uber app for nearly five months prior to the date of the accident and driving his own car after having completed a personal errand when the accident occurred. Under this set of facts, the trial court correctly found no issue of material fact and correctly entered summary judgment in favor of Uber.

Affirmed.