249 So.2d 3 (1971)
John C. WARG, Petitioner,
v.
CITY OF MIAMI SPRINGS et al., Respondents.
No. 40264.
Supreme Court of Florida.
June 9, 1971.
*4 Bernard H. Butts, Hialeah, for petitioner.
Thomas C. Britton and Alan Dimond, Asst. Dade County Atty., Miami, for respondents.
McCAIN, Justice.
This cause is before us on petition for writ of certiorari to the Florida Industrial Relations Commission. The sole issue presented for our consideration is whether claimant Warg's injury arose out of and in the course of his employment. The Full Commission reversed the affirmative ruling of the Judge of Industrial Claims on this issue. In our judgment the reversal was error and the compensation order of the Judge of Industrial Claims should have been sustained.
The facts are not disputed. At the time of the accident, claimant was a policeman employed by the City of Miami Springs as a detective. His duties involved every facet of police work including investigation, reports, arrests, and the power to issue traffic citations. His regular hours of duty were from 8:00 A.M. to 4:00 P.M. but he was on 24 hour call and did on occasion work overtime. He was paid a flat salary and did not receive overtime pay for work performed in excess of 40 hours. He was required to carry a gun at all times.
The accident occurred shortly after 4:00 P.M. while claimant was driving home from work in his personal automobile by the most direct route. Approximately 12 blocks from the Police Station, but within the city limits of the City of Miami Springs,[1] another vehicle, attempting to make a left turn, cut in front of claimant's car, causing the accident. Claimant, although injured in the collision, assisted the Police at the scene in a limited manner and had the power to charge the party at fault with a citation.
The general rule in Florida, as in most other states, holds that injuries sustained by employees when going to or returning from their regular place of work are not deemed to arise out of and in the course of their employment. This is commonly referred to as the "going and coming" rule. See Fidelity & Casualty Co. of New York v. Moore, 143 Fla. 103, 196 So. 495 (1940), and Sweat v. Allen, 145 Fla. 733, 200 So. 348 (1941).
This Court established an exception to the "going and coming" rule in Sweat v. Allen, supra. In that case claimant was a deputy sheriff, performing the functions of a jailer with specific hours of employment but subject to call at all other hours. He was injured while walking on the public street from his home to the bus line shortly after 6:00 A.M., about an hour before commencement of his regular hours of work but while on his way to begin the performance of his duties. In disposing of *5 the contention that the jailer was not protected by the provisions of the Act, we said:
"The case at bar is not that of an ordinary workman going to work; for by the very nature of the service the claimant performed, he was continuously intrusted with certain duties, namely, to protect the peace and safety of the community and apprehend those guilty of its violation. His personal life was subservient at all times to call of official service; he was, so to speak, on guard twenty-four hours a day, with no increase in salary in proportion to the time devoted. This high duty of the office rested upon the claimant and was a part of his employment notwithstanding the fact that he was immediately assigned as the jailer, for the word `employment', as used in the Workmen's Compensation Act, refers to the whole period of time or sphere of activities, regardless of whether the employee is actually engaged in doing the thing he was employed to do. Wirta v. North Butte Mining Co., 64 Mont. 279, 210 P. 332, 30 A.L.R. 964.
"As shown by the record, the claimant's employment did require him to be upon the street upon occasion. And while he was not there in response to an order on the morning of his injury, he was within his employment for he was still charged with a duty or task connected therewith. We do not believe it would be denied or controverted that the injury arose out of and in the course of claimant's employment had he on that occasion been attempting to arrest a drunken driver and been run down. Yet, there is the same `causal connection' of the employment to the injury between the facts in the illustration and those in the case at bar.
"To us, the conclusion that claimant's injury arose out of and in the course of his employment is inescapable. * * *"
See also, Healey v. Hudson Coal Co., 130 Pa.Super. 462, 198 A. 684 (1938); Mayor and Aldermen of Town of Tullahoma v. Ward, 173 Tenn. 91, 114 S.W.2d 804 (1938); King v. City of Clinton, 343 S.W.2d 185 (Mo. App. 1961); and Blount v. State Road Department, 87 So.2d 507 (Fla. 1956). Contra, McKiernan v. City of New Haven, 151 Conn. 496, 199 A.2d 695 (1964).
In our judgment, the case for compensability in the case sub judice is even stronger than it was in Sweat. In Sweat the Court emphasized the fact that Allen's employment required him to be upon the street upon occasion. But Allen was a jailer whose immediate employment required his presence at the jail. His chances of performing any duties out in the street were remote and incidental to say the least.
Officer Warg, however, was a detective whose job placed him constantly out in the field. He had the power to issue a citation at the scene of the accident and he did in fact assist the police in the investigation of the accident. The fact that Officer Warg was on his way home from work, while Allen was going to work in the Sweat case is, in our view, not a material difference between the two cases.
Accordingly, certiorari is granted, the order of the Full Commission is quashed and the Commission is directed to reinstate the Compensation Order of the Judge of Industrial Claims.
It is so ordered.
ROBERTS, C.J., and ADKINS, BOYD and DEKLE, JJ., concur.
NOTES
[1] The fact that the accident occurred in the City of Miami Springs, Officer Warg's jurisdiction, dispenses with any argument that this case is controlled by City of Miami Beach v. Valeriani, 137 So.2d 226 (Fla. 1962), wherein this Court concluded that the officer's injury was not compensable because he was injured outside his jurisdiction.