WIGGINTON, Judge.
The issue on appeal addresses the “police officer exception” to the going and coming rule. The county argues that the deputy commissioner erred in finding claimant’s injury to be compensable, as occurring in the course and scope of his employment. We affirm.
Police officer Nieves is employed by Metropolitan Dade County. On the morning of the accident, he left his home to proceed to work. He backed his van down the driveway to the edge of the street where he stopped to avoid hitting the newspaper delivery car. Deciding to save his wife some extra steps on a cold morning, officer Nieves placed his van in park, quickly jumped out to retrieve the newspaper a few feet away in the swale, and threw it over the fence to his front porch. The foregoing activity took seconds to accomplish. However, before officer Nieves could return to the van, it “popped out of gear” and began to circle slowly backwards. In his attempting to jump back into the van to stop its movement, officer Nieves was knocked down by the open door, whereupon the van rolled over his ankle.
The deputy commissioner awarded temporary total disability benefits and the payment of medical bills finding that officer Nieves, by proceeding to work, was in the course and scope of his employment, and his retrieving the newspaper, if a deviation, was not a deviation so substantial as to take him out of the course and scope of his employment.
The supreme court in the seminal case of Sweat v. Allen, 145 Fla. 733, 200 So. 348 (1941), recognized that a police officer is not representative of the ordinary workman going to work; rather, the police officer was found to be “continuously entrusted with certain duties” and “on guard twenty-four hours a day.” Id. at 200 So. 350. Therefore, the court held that a police officer’s entitlement to workers’ compensation benefits is not constrained by the general going and coming rule. Instead, an officer en route to begin the performance of his regular duties is within the course and scope of his employment, as he is “still charged with a duty or task connected therewith.” Id. 200 So. at 351; accord Warg v. City of Miami Springs, 249 So.2d 3 (Fla.1971).
In the instant case, officer Nieves was en route to begin performance of his duties and was in a place and position to discharge his primary responsibilities. Warg v. City of Miami Springs. He was, therefore, within the course and scope of his employment. Although his retrieving the newspaper did constitute a deviation, it was not so substantial as to amount to an abandonment of his employment duties. Cf. Times Publishing Co. v. Walters, 382 So.2d 720 (Fla. 1st DCA 1980) (claimant’s “horseplay” constituted a momentary deviation).
AFFIRMED.
ROBERT P. SMITH, Jr. and BOOTH, JJ., concur.