LEHAN, Judge.
Plaintiffs in this personal injury case appeal from a summary judgment granted by *52 the trial court in favor of the state of Florida. The injuries to plaintiffs are alleged to have resulted from an automobile accident in which a pickup truck owned by the state and driven by David Lee Brown, a state employee, collided with a car which was driven by plaintiff, Mary G. Drinnen-berg, and in which plaintiff Tammy Drin-nenberg was a passenger. The apparent basis for the summary judgment was that Brown was not acting in the scope of his employment at the time of the accident.
Brown had been given permission to use the truck to and from work as well as during work. Prior to the accident he had left his office, where he worked as an engineering technician for the state, and had driven to a shopping mall for personal reasons. He testified that he then intended to drive to a job site where he also worked for the state. However, the route he took was not only not the most direct route to the job site but appears to have been a substantial deviation from the most direct route. There is no explanation in the record as to why he did not take the most direct, or a more direct, route. He testified on deposition that he made no personal stops after leaving the shopping mall and that he intended to stop by the job site on his way home. The accident occurred about 3:80 p.m. Brown’s working hours were from 7:00 a.m. to 3:30 p.m.
The issue is whether Brown was acting within the scope of his employment at the time of the accident. See section 768.28(9)(a), Florida Statutes (1981). Apparently Brown deviated from the scope of his employment when he went to the mall. There would be, nonetheless, an issue of fact as to whether he thereafter reentered the scope of his employment after departing from the mall. The general rule in Florida is that an employee who deviates from his employment to engage in a personal errand is not within the scope of his employment if an accident occurs before he returns to the course he was pursuing in the interest of his employer. See Maroney v. Edward A. Kelly & Sons, Inc., 195 So.2d 208 (Fla.1967). “Concerning scope of employment, only where the facts are completely settled and the inferences to be drawn from the facts lead to but one conclusion can it be said that the issue is one which may be decided by the court as a matter of law_ Relevant facts and inferences concerning scope of employment may deal with ... was there a return to the employer’s business after the deviation and before the act at issue was committed....” Burroughs Corp. v. American Druggists’ Insurance Co., 450 So.2d 540, 544 (Fla. 2d DCA 1984).
Accordingly, entry of summary judgment was erroneous.
Reversed and remanded for proceedings consistent herewith.
DANAHY, A.C.J., and FRANK, J., concur.