561 So.2d 1294 (1990)
CITY OF FORT LAUDERDALE, Appellant,
v.
Estelle ABRAMS, Appellee.
No. 89-2771.
District Court of Appeal of Florida, First District.
May 24, 1990.
Rehearing Denied June 21, 1990.
Edward D. Schuster of Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A., Fort Lauderdale, for appellant.
Peter S. Schwedock, Miami, for appellee.
SMITH, Judge.
In this appeal, the City of Fort Lauderdale (City) challenges a workers' compensation order awarding payment of medical bills and restoration of sick leave. We reverse.
The claimant, a forensic detective for the City, filed a claim for workers' compensation benefits following her injury in an automobile accident on November 20, 1986. The undisputed facts are that claimant was driving her personal vehicle to work when she was struck from behind while stopped at a red light. The claimant was not yet on duty. She testified that she had her crime scene investigation kit and police radio in her car, but had she been called to make an investigation, she would have driven to the police station and obtained a police van. Ordinarily, the claimant drove a police vehicle to and from work, but on the day of the accident, her assigned van was in the shop for repairs.
The City controverted the claim, arguing that the accident did not arise out of and in the course and scope of claimant's employment as defined in section 440.091, Florida Statutes (1985). That section provides in pertinent part:
If an employee:
(1) Is ... employed full time by a municipality .. . and is vested with authority to bear arms and make arrests and his primary responsibility is the prevention or detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state;
(2) Was discharging that primary responsibility in the state in a place and under circumstances reasonably consistent with that primary responsibility, and
(3) Was not engaged in services for which he was paid by a private employer ... the employee shall be deemed to have been acting in the course of employment.
Without elaboration, the judge of compensation claims (judge) found section 440.091, Florida Statutes, inapplicable under the facts of this case. He found further that the accident did arise out of and in the course and scope of claimant's employment on the authority of Sweat v. Allen, 145 Fla. 733, 200 So. 348 (1941); Warg v. City of Miami Springs, 249 So.2d 3 (Fla. 1971); and Metro-Dade County v. Nieves, 440 So.2d 434 (Fla. 1st DCA 1983).
*1295 In Sweat v. Allen, the Supreme Court held that injuries sustained by a deputy sheriff, while waiting for a bus on his way to work, were compensable under workers' compensation. The Court noted the general rule that injuries sustained when employees are going to and coming from a regular place of employment do not generally arise out of and in the course of employment. The claimant in Sweat, however, as a police officer, was not "an ordinary workman going to work ..." for his "personal life was subservient at all times to call of official service ...". 200 So. at 350. Being on guard twenty-four hours a day, the officer way therefore charged with a duty or task connected therewith when he was injured so as to render the accident compensable.
In Warg v. City of Miami Springs, supra, the Supreme Court relied upon the Sweat exception to the coming and going rule to hold compensable injuries sustained by a police officer in a car accident. Like the officer in Sweat, the officer in Warg was not investigating or preventing a crime when he was injured. In Metro-Dade County v. Nieves, supra, this court held, on the authority of Sweat and Warg, that an officer was eligible for workers' compensation for the injury he sustained when his car rolled over his foot as the officer was preparing to depart from home to work.
The passage of section 440.091 in 1982 (Chapter 82-146, Laws of Florida (1982)) abrogated the rule of law first announced in Sweat, and we find no basis for concluding, as the judge did, that this section is inapplicable in this case. It is undisputed that the officer in this case was neither investigating a crime nor enforcing the law when she was injured; thus, the officer was not discharging her primary responsibility at time of the accident. Accordingly, the accident did not occur within the course of employment under section 440.091, and the injuries resulting from that accident are therefore not compensable.
The claimant concedes that the judge erred in awarding restoration of her sick leave, as no disability benefits were awarded. See Marion County Correctional Institution v. Kriegel, 522 So.2d 45 (Fla. 5th DCA), rev. den., 531 So.2d 1354 (Fla. 1988).
The order of compensation is REVERSED in its entirety.
WENTWORTH and WIGGINTON, JJ., concur.