569 So.2d 493 (1990)
Russell HANSTEIN, Appellant,
v.
CITY OF FT. LAUDERDALE, Appellee.
No. 89-3380.
District Court of Appeal of Florida, First District.
October 8, 1990.
Rehearing Denied December 3, 1990.
Anthony J. Aloneftis of Jo Ann Hoffman, P.A., Plantation, for appellant.
Edward D. Schuster of Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, Fort Lauderdale, for appellee.
PER CURIAM.
Claimant appeals a workers' compensation order by which a claim for benefits was denied upon a determination that an injury sustained while on the way to work did not occur within the course of claimant's employment as a police officer. We find that the undisputed facts establish that claimant was within the course of his employment, and we therefore reverse the order appealed.
Claimant is a police officer who serves as a patrolman, and at a hearing on this claim it was established that claimant's primary responsibility includes "enforcement of all the laws ... including criminal laws and traffic laws." The alleged injury occurred while claimant was traveling from his home to the police station to begin work on his normal duty assignment. Claimant observed a tractor-trailer rig making an improper turn, and testified that he made "a conscious decision" to issue a citation for this violation, but that before he could do so his vehicle was struck by the tractor-trailer rig. Indicating that he has issued *494 other citations or made arrests while traveling to the police station to report for duty, claimant noted that he was driving his own private motor vehicle but was fully uniformed. Departmental policy provides that an off-duty officer will automatically be transferred to on-duty status upon observing a violation of law and taking "affirmative action." Because departmental policy also precludes an officer from issuing a citation for an accident in which the officer is involved, claimant did not issue a citation to the driver of the tractor-trailer rig. However, another officer arrived on the scene and did issue a citation.
After the hearing was concluded the judge entered an order acknowledging that the case law has established police officers as a special category to whom the "going and coming" rule, which might otherwise exclude coverage for injuries sustained while traveling to and from work, does not fully apply. But the judge erroneously construed section 440.091, Florida Statutes, as precluding coverage in the present case. In so ruling the judge noted that when the accident occurred claimant had not yet attempted to stop the driver of the tractor-trailer rig, and had not physically begun to issue a citation. The judge also found that claimant's intent to issue a citation did not place him in position to be involved in the accident. The judge then incorrectly determined that claimant was not discharging his primary law enforcement responsibility at the time of the accident.
Because police officers are generally charged with a duty of law enforcement while traveling on public thoroughfares, it has long been established that injuries which such officers sustain while traveling to and from work may be compensated under the Florida Workers' Compensation Law. See Warg v. City of Miami Springs, 249 So.2d 3 (Fla. 1971); Sweat v. Allen, 200 So. 348 (Fla. 1941). In 1982 the legislature adopted section 440.091, Florida Statutes, which specifies when law enforcement officers should be considered to be acting within the course of their employment. The statute expressly requires that the officer be within the state and discharging a "primary responsibility" which includes "the prevention or detection of crime or the enforcement of the penal, criminal, traffic, or highway laws... ."
In City of Ft. Lauderdale v. Abrams, 561 So.2d 1294 (Fla. 1st DCA 1990), this court determined that a forensic detective who was involved in an automobile accident while traveling to work was not discharging her "primary responsibility" and was thus not entitled to compensation since under section 440.091 her injury did not occur within the course of the employment. The detective in Abrams was traveling to work in her personal vehicle, and it was indicated that had she been called to make an investigation she would have proceeded to the police station to obtain a police van. While in the present case claimant was also in a personal vehicle, unlike the detective in Abrams claimant is a patrol officer whose primary responsibility is not limited to crime scene investigation, but rather includes the enforcement of traffic laws. Claimant was discharging this primary responsibility while traveling to the police station, and it was not necessary to actually issue a citation or take any affirmative action in this regard for the officer to be within the course of his employment as delineated in section 440.091. The ruling in Abrams does not apply to the circumstances of this case, and insofar as claimant was within the course of his employment the undisputed facts establish that the injury also arose out of the employment so as to be within the ambit of coverage under the Florida Workers' Compensation Law.
The order appealed is reversed and the cause remanded.
SHIVERS, C.J., and BOOTH and ZEHMER, JJ., concur.