570 So.2d 1059 (1990)
PALM BEACH COUNTY SHERIFF'S OFFICE and Sedgwick James of Florida, Inc., Appellants,
v.
John C. GINN, Appellee.
No. 90-1031.
District Court of Appeal of Florida, First District.
November 27, 1990.
Louis P. Pfeffer of Adams, Coogler, Watson & Merkel, P.A. and Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., West Palm Beach, for appellants.
Joseph D. Lee of Wagner, Nugent, Johnson, Roth, Romano, Eriksen & Kupfer, P.A., West Palm Beach, for appellee.
ALLEN, Judge.
The employer/carrier brings this appeal from an order finding the claimant's accident compensable under Chapter 440, Florida Statutes. Finding that the injuries of *1060 claimant, a law enforcement officer, were incurred at a time and under circumstances in which the claimant was not acting within the course of his employment, we reverse the order of the judge of compensation claims.
Claimant, a Palm Beach County deputy sheriff, was off duty and on a personal errand within Palm Beach County when he was injured in an automobile accident on February 13, 1989. As a fringe benefit of his employment, he had been provided with a sheriff's office vehicle, which he was allowed to use on personal business and which he was driving at the time of the accident. Prior to the accident, claimant had been monitoring the police radio in the vehicle, in the event that he might be called on duty to assist with some law enforcement matter. Additionally, claimant was a member of the sheriff's office emergency field force, which required him to possess and monitor a beeper at all times. Claimant was wearing the beeper at the time of the accident.
Among the factors relied upon by the judge in finding that claimant was acting within the course of his employment were the fact that claimant was driving a sheriff's office vehicle, that he had been monitoring the radio and beeper prior to the accident, that he was in possession of his weapon and sheriff's office identification, and that he was subject to being called on duty at any time. Additionally, the judge found that just prior to the accident, claimant took evasive action to avoid the accident, and that such evasive action was in furtherance of his sworn duty to protect life and property within Palm Beach County.
Section 440.09, Florida Statutes, provides, in pertinent part, that "[c]ompensation shall be payable under this chapter in respect of disability or death of an employee if the disability or death results from an injury arising out of and in the course of employment." Section 440.091, Florida Statutes, specifically delineates the circumstances under which law enforcement officers act within the course of their employment for purposes of coverage by the workers' compensation law. That section provides, in pertinent part, as follows:
440.091 Law enforcement officer; when acting within the course of employment.  If an employee:
(1) Is elected, appointed, or employed full time by a municipality, the state, or any political subdivision and is vested with authority to bear arms and make arrests and his primary responsibility is the prevention or detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state;
(2) Was discharging that primary responsibility within the state in a place and under circumstances reasonably consistent with that primary responsibility; and
(3) Was not engaged in services for which he was paid by a private employer, and he and his public employer had no agreement providing for workers' compensation coverage for that private employment;
the employee shall be deemed to have been acting within the course of employment. (Emphasis added.)
The fact that a law enforcement officer is on call for duty and has a police radio and other indicia of his authority in his possession is not dispositive in determining whether an off-duty officer is acting within the course of his employment. Rather, the issue, pursuant to the provisions of Section 440.091, is whether the officer is carrying out his primary responsibility, which is the "prevention or detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state."
Accordingly, in City of Ft. Lauderdale v. Abrams, 561 So.2d 1294 (Fla. 1st DCA 1990), we held that a forensic detective for the City of Ft. Lauderdale was not acting within the course of her employment as she drove her automobile to work, despite the fact that she had her crime scene investigation kit and police radio in her car. Since it was undisputed that the police officer was not discharging a "primary responsibility" at the time of the accident, we held that the accident had not occurred within the course of her employment under Section 440.091.
More recently, in Hanstein v. City of Ft. Lauderdale, 569 So.2d 493 (Fla. 1st DCA *1061 1990), we held injuries to a police officer traveling to work to be compensable where he had observed a motor vehicle making an improper turn under the traffic laws and had determined to issue a citation, but before he was able to do so, he was involved in the accident which caused his injuries. We held the accident to be compensable because at the time of the accident the police officer was engaged in a "primary responsibility," enforcement of the traffic laws.
The present case is similar to Abrams in that the claimant was fully prepared to be called on duty, but was not actually on duty when the accident occurred. Further, the claimant here, like the claimant in Abrams, but unlike the claimant in Hanstein, was not then in the process of carrying out any "primary responsibility," as delineated by Section 440.091, Florida Statutes. Accordingly, the judge of compensation claims erred in finding the accident compensable.
The order of compensation is reversed, and this cause is remanded to the judge of compensation claims for entry of an order in accordance with this opinion.
WENTWORTH and JOANOS, JJ., concur.