609 So.2d 133 (1992)
HIGHLANDS COUNTY SCHOOL BOARD AND McCREARY Corporation, Appellants,
v.
Rosalie SAVAGE, Appellee.
No. 91-3215.
District Court of Appeal of Florida, First District.
December 1, 1992.
*134 John T. Willett of Broussard, Condry & Willett, P.A., Orlando, for appellants.
Craig M. Spanjers of Stanley, Wines, Bennett, Murphy, Spanjers & Helms, P.A., Winter Haven, for appellee.
WOLF, Judge.
Highlands County School Board and McCreary Corporation (E/C), appeal from a final order of the judge of compensation claims (JCC) determining that the injury sustained by claimant, Rosalie Savage, was compensable. The E/C assert that the JCC erred in finding that claimant's injury while participating in a basketball game was a result of an incident of her employment and, therefore, compensable pursuant to section 440.092(1), Florida Statutes (Supp. 1990). We find that the basketball game during which claimant was injured constituted part of her employment rather than social or recreational activity and is, therefore, compensable.
The facts are undisputed. The claimant, a teacher at Sebring Middle School, was injured in December 1990 during a basketball game between the teachers and students. The game was an annual charity event. The game occurred during regular school hours, and the teachers received their regular salary. The teachers were required to participate in the game, either as a spectator or a player. No benefit or detriment resulted from a teacher's decision to play or to act as a spectator.
The claimant's claim for benefits to cover the injury sustained in the faculty basketball game was denied by the E/C pursuant to section 440.092(1), Florida Statutes, on the grounds that the recreational or social activity was not an expressly required incident of employment nor did it produce a benefit to the employer beyond improvement in employee health and morale. The JCC found, following a June 7, 1991, hearing, that the claimant's participation was an incident of her employment and, therefore, compensable.
The E/C's main argument on appeal is that the JCC erred in finding the accident to be compensable in light of section 440.092(1), Florida Statutes (1991), where there was no proof that playing in the basketball games was expressly required as an incident of employment. Section 440.092(1) was created in 1990 and was in effect on December 21, 1990, the date of the claimant's injury. The statute provides as follows:
Recreational or social activities are not compensable unless such recreational or social activities are an expressly required incident of employment and produce a substantial direct benefit to the employer beyond improvement in employee health and morale that is common to all kinds of recreation and social life.
Prior to the adoption of the statute, the law concerning compensability of recreational and social activities was outlined in Brockman v. City of Dania, 428 So.2d 745 (Fla. 1st DCA 1983), as follows:
[S]ocial activities ... are deemed to be in the course and scope of employment when any one of the following criteria are met: (1) They occur on the premises during a lunch or recreation period as a regular incident of the employment; or (2) the employer, by expressly or impliedly requiring participation, or by making the activity part of the services of an *135 employee, brings the activity within the orbit of the employment; or (3) the employer derives substantial direct benefit from the activity beyond the intangible value of improvement in employee health and morale that is common to all kinds of recreation and social life.
Id. at 745 (emphasis added). It appears that the statutory change was enacted to avoid compensability in situations where the activity in question was neither part of the job duties of an individual or expressly required by the employer. There is nothing in the statute as adopted which would indicate a desire to preclude compensation where a person was injured in conducting actual job duties. Thus, the JCC did not ignore the requirement for a finding of an "express incident of employment" as argued by the E/C. As a matter of fact, the JCC specifically found that the activity in which the claimant was injured
was not social and recreational but was a regular incident of her employment.
This finding is supported by competent substantial evidence; therefore, the E/C's reliance on the statute to deny benefits was inappropriate.
Even if the JCC had found that the facts of this case are controlled by section 440.092(1), there would be record support for finding of both "an expressly required incident of employment" and "a substantial direct benefit to the employer beyond improvement in employee health and morale" as required by the statute. It was uncontradicted that the basketball game was a school activity which required attendance of both students and faculty. Teachers were expressly required to participate in the basketball game in some manner. The event was a part of the school program for the purpose of developing community awareness by requiring students to participate in a community service project. The order of the JCC is affirmed.
SMITH and WIGGINTON, JJ., concur.