PER CURIAM.
This cause is before us on appeal from an order of the judge of compensation claims (JCC) denying compensation. Appellant/claimant contends the JCC erred in finding that his injury did not arise within the course of his employment.
The employer and carrier (E/C) concede, as they must, that claimant, while charging the battery of his car, was performing obligatory vehicle repairs or maintenance, and was therefore acting within the course of his employment under the rule set forth in cases such as Strickland v. Al Landers Dump Trucks, Inc., 170 So.2d 445 (Fla.1964); and McNew v. Southern Intermodal Logistics, 380 So.2d 1145 (Fla. 1st DCA 1980). Because the E/C presented no evidence of a subsequent substantial deviation, the claim was compensable. Metropolitan Dade County v. Nieves, 440 So.2d 434, 435 (Fla. 1st DCA 1983). We reject the E/C’s contention that section 440.091, Florida Statutes, requires affirmance. Claimant’s status as a law enforcement officer does not diminish his rights under the Workers’ Compensation Act.
The order below is reversed, and this cause is remanded for proceedings consistent herewith.
BOOTH, SHIVERS and WEBSTER, JJ., concur.