JOANOS, Judge.
Claimant appeals a workers’ compensation order denying compensability of his claim for benefits, based upon a finding by the judge of compensation claims (JCC) that the claimant was not acting within the course of his employment when he sustained the injuries for which compensation was sought. We reverse.
On September 22, 1992, claimant, who is a full-time deputy sheriff, was involved in an automobile accident while on his way to work his assigned duty shift. Claimant was in uniform and had his police radio with him, but was driving his personal vehicle, not a car belonging to the Sheriffs Office. As claimant was coming to a stop at an intersection, he observed a southbound vehicle attempt to make a left turn. At the same time, a northbound vehicle struck the turning vehicle with enough impact to spin it around, and cause it to strike the front of claimant’s vehicle. Claimant testified the accident happened so quickly that he did not have time to avoid it, but there was sufficient time for him to observe the individual action of the vehi-cíes, so as to determine that the collision was caused by an illegal turn.
Claimant used his police radio to report the accident to the Brevard County Sheriffs Department. He requested an ambulance and a Highway Patrol investigator, and asked that his supervisor be notified of the incident and claimant’s involvement in it. Claimant then exited his vehicle, and checked the other drivers, who were visibly injured. Claimant reported that he did not feel pain during the time he took the necessary measures to secure medical attention for the injured drivers, and to ensure a safe traffic flow around the accident scene. He began working the accident scene in the prescribed manner, so as to prevent further accidents. After the ambulances left the scene and claimant walked to his car, he experienced pain in his right knee, neck, and back. At that point, a trooper was on the scene and had relieved claimant of further responsibility for traffic in the area. Claimant sat in his car and considered whether to call an ambulance to return for him, but decided he was able to drive himself to the hospital, and did so.
The record reflects that the Sheriffs Department and the Highway Patrol have concurrent jurisdiction of the area where the accident occurred. Sergeant McKenzie, claimant’s supervisor, stated that pursuant to the manual of the Sheriffs Department, “off-duty officers are always responsible for taking necessary action in any police matter coming to their attention which requires immediate action.” The sergeant explained that an off-duty officer is on duty “[t]he moment something requires him to take an action other than being passively a deputy sheriff.” Under Sergeant McKenzie’s interpretation of the events, claimant “was acting passively as an employee on his way to work and there was no requirement of law enforcement function until the accident had actually occurred.” The employer/carrier denied compensability, asserting the accident occurred while claimant was off duty and not engaged in his primary law enforcement duties.
*1046 The JCC found that claimant was not discharging his primary responsibility as a deputy sheriff at the time of the accident, that is, he was not preventing or detecting crime, and was not investigating or enforcing the penal, criminal, traffic or highway laws of the state. The JCC further found that the claimant was not acting within the course of his employment at the time of the accident, and ruled the claim for workers’ compensation benefits was not compensable.
The general rule governing workers’ compensation coverage is that injuries suffered while an employee is traveling to or from work “is not an injury arising out of and in the course of employment.” § 440.092(2), Fla.Stat. (1991). Nevertheless, law enforcement officers who sustain an injury while traveling to or from work are deemed to have been acting within the course of their employment if the injury occurred while the officers were discharging their primary responsibility of “detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state.” § 440.091, Fla. Stat. (1991). This limited exception to the going and coming rule recognizes that employment as a law enforcement officer is unique in the sense that an off-duty officer is subject to on-duty status twenty-four hours a day, depending upon the exigencies of a given situation.
The parties to this cause, as well as the JCC who issued the order here on appeal, agree that three 1990 decisions issued by this court are directly applicable to the circumstances of this case. In the first of these eases, City of Fort Lauderdale v. Abrams, 561 So.2d 1294 (Fla. 1st DCA), review denied, 574 So.2d 139 (Fla.1990), a forensic detective was driving to work in her personal vehicle when she was struck from behind while stopped at a red light. The forensic detective had her crime scene investigation kit and police radio in her car, but testified that if she had been called to make an investigation, she would have driven to the police station and obtained a police van. The JCC in Abrams found the accident arose out of and in the course and scope of the claimant’s employment, on the authority of Sweat v. Allen, 145 Fla. 733, 200 So. 348 (1941), and eases following the rule announced therein. This court denied compensability, based upon the forensic detective’s testimony that if called to make an investigation, she first would have obtained a police van. The Abrams panel concluded the forensic detective did not meet the standard of an officer on duty at all times, because she could not perform her crime scene investigation duties without first obtaining a police van. 561 So.2d at 1295.
In the second case, Hanstein v. City of Ft. Lauderdale, 569 So.2d 493 (Fla. 1st DCA 1990), the claimant was a patrol officer whose primary responsibility included the enforcement of all traffic laws. The officer’s alleged injury occurred as he was traveling from his home to the police station to begin work on his normal duty assignment. The officer was driving his own vehicle, but was in full uniform, when he observed a tractor-trailer rig make an improper turn. He testified later that he made a “conscious decision” to issue a citation, but before he could do so, the tractor-trailer rig struck his vehicle. Departmental policy provided that an off-duty officer automatically assumes on-duty status upon observing a violation of the law and taking affirmative action. The JCC in Han-stein concluded that section 440.091 precluded workers’ compensation coverage, because the accident occurred before the officer/claimant attempted to stop the driver of the tractor-trailer rig and before he began to issue a citation. The panel deciding Han-stein distinguished Abrams on the basis of the different responsibilities of a forensic detective and a patrol officer who could fulfill one of his primary responsibilities at any time, by virtue of his presence at the scene. The court expressly held that “it was not necessary to actually issue a citation or take any affirmative action ... for the officer to be within the course of his employment as delineated in section 440.091.” 569 So.2d at 494. The court found the patrol officer’s injury arose out of his employment, and reversed the order denying compensability.
In Palm Beach County Sheriffs Office v. Ginn, 570 So.2d 1059 (Fla. 1st DCA 1990), a deputy sheriff was off duty and on a personal errand when he was injured in an auto acci *1047 dent. The court recognized that the officer could be called to duty at any time, but found the situation similar to Abrams, in that while the officer was prepared to be called on duty at any time, he was not on duty when the accident occurred.
The circumstances of this case are similar to, and controlled by, the Hanstein rationale. Here, as in Hanstein, an officer on his way to work in his personal vehicle observed a traffic violation. He was not required to take prior affirmative action to be considered within the course of his employment for purposes of workers’ compensation eligibility. The unique nature of claimant’s employment as a deputy sheriff, together with his observation of an illegal turn that resulted in a motor vehicle collision, thrust him immediately into an on-duty status, with the obligation to take appropriate action with respect to the accident scene and the injured drivers.
Accordingly, the order denying compensa-bility of the claim for workers’ compensation benefits is reversed, and this cause is remanded for further proceedings.
ERVIN and MINER, JJ., concur.