KAHN, Judge.
Appellants City of Lakeland and Alexsis Risk Management challenge a final order awarding workers’ compensation benefits on the basis that there is no competent substantial evidence in the record supporting the order. We agree and reverse the order. There is no competent substantial evidence supporting the judge of compensation claims’ (JCC) finding that (1) claimant ‘Vas acting within the course and scope of his employment when he was injured by this accident on 5/31/94” or (2) “claimant was injured while discharging the responsibilities of a law enforcement officer in a place and under circumstances reasonably consistent with those responsibilities.”
On the day of his injury, Kenneth Schiel, an officer in the Special Investigations Division of the Lakeland Police Department, received a call from his wife, informing him that their daughter was involved in a traffic accident. Schiel went to the accident site to cheek on his daughter. The accident was relatively minor and did not involve any injuries. While at the accident scene, Schiel was unfortunately struck by an oncoming van. This claim arises from injuries Schiel suffered in that accident.
Upon his arrival at the scene in an unmarked car, claimant neither asked, nor was he asked, to gather evidence or investigate the accident. Officer Youhouse was previously on the scene as the official investigating officer. Youhouse did not know in advance that claimant would be coming to the accident scene. Officer Youhouse testified that the investigation of the daughter’s accident was routine and that no assistance was necessary. Had Youhouse required assistance, he would have called another member of the traffic unit. According to Youhouse, claimant never offered to assist in the investigation, and if claimant had asked to assist him, he would have refused.
Claimant’s supervisor, Sergeant Ivance-vich, believed it would be “unethical” for an officer to investigate a matter involving a family member. He also indicated that it was not proper protocol for a Special Investigations Division (SID) officer to investigate a traffic accident absent clear and compelling reason, such as an immediate risk to life. Ivaneevich was aware of no occasion in ten years where a Lakeland officer had investigated an accident, incident or crime involving a family member. In the unlikely event that an SID officer were to investigate an accident, the officer would be required to wear a jacket or windbreaker identifying himself as a police officer. Although every SID officer is issued a police jacket or windbreaker, it is undisputed that Schiel wore neither after he appeared on the scene of his daughter’s accident. Ivaneevich was aware of Schiel’s departure from the station and did not disapprove it.
On the foregoing facts we hold that claimant was on a personal errand at the time of his injury and was not acting within the course or scope of his employment or discharging the duties of a law enforcement officer. See Drinnenberg v. State, Dep’t of Transp., 481 So.2d 51 (Fla. 2d DCA 1985)(employee who deviates from his employment to engage in a personal errand is not within the scope or his employment if an accident occurs before he returns to the course he was pursuing in the interest of the employer). Here, the mere knowledge of claimant’s supervisor that claimant would be going to the scene of the accident was not enough to place this accident within the course and scope of employment.
The JCC erred not only in finding Schiel was acting within the course and scope of his employment at the time of the injury but also in relying on section 440.091, Florida Statutes (1993). Section 440.091 creates an exception to the deviation rule for law enforcement officers such that officers are within the course of their employment when they are acting in discharge of their “primary responsibility” as long as they are not being paid by a private employer and the public employer had no agreement providing for workers’ compensation coverage for that private employment. § 440.091, Fla. Stat. Claimant does not fall within this exception because he was not carrying out his primary responsibility of preventing crimes or enforcing laws. He was on a purely personal mission to determine whether his daughter was *1325 injured in the auto accident. D.C. Moore & Sons v. Wadkins, 568 So.2d 998 (Fla. 1st DCA 1990)
Accordingly, we REVERSE the final order.
BARFIELD, C.J., and DAVIS, J., concur.