WOLF, J.
This is an appeal from an order denying compensability of an automobile accident on March 10, 1998. Appellant alleges that the judge of compensation claims (JCC) mistakenly applied section 440.091, Florida Statutes, to an officer who is on duty at the time of the accident. We agree and reverse.
The claimant in this case has worked for the City of Largo Police Department for 25 years. For the past 16 years, the claimant has been an investigator for the Economic Crimes Unit, investigating crimes involving bank fraud, forgery, counterfeiting, credit cards, travelers’ checks, exploitation of the elderly, and monetary or financial types of crime. On March 10, 1998, while the claimant was driving home in his unmarked police car for lunch, he was involved in an automobile accident in which he sustained injuries. The claimant filed a petition for benefits for injuries sustained in that accident.
At the hearing on the claim, the employer/carrier defended on the grounds that the accident was not within the course and scope of employment, and the claimant was not discharging responsibilities of a law enforcement officer per section 440.091, Florida Statutes.[1] The JCC received into evidence the deposition testimonies of Officer Steven Slaughter, Sergeant Michael Short, Captain John Carroll, and the live testimony of the claimant.
Sergeant Short was claimant’s direct superior. Captain Carroll was the overall supervisor of the Economic Crimes Unit. All the witnesses indicated that claimant was considered to be on duty at the time of the accident. Captain Carroll further testified that, according to the collective bargaining agreement, officers and investigators are considered to be on duty while at lunch, and that they are paid for that time. He testified that the city allows officers to take a half hour for lunch during their shifts,- but they are subject to call when their lunch may be interrupted. Captain Carroll also stated that when officers and investigators are on duty, they are required to carry their identification, their radio, their handcuffs, and their weapons. The JCC found that the officer’s radio was on at the time of the accident, and the claimant testified that he had his badge, gun, and identification with him.
Section 440.091, Florida Statutes (1997), provides that a full-time law enforcement officer who is discharging his primary re *272 sponsibility within the state in a place and under circumstances reasonably consistent with that primary responsibility is acting within the course of employment for the purposes of workers’ compensation. In City of Fort Lauderdale v. Abrams, 561 So.2d 1294 (Fla. 1st DCA 1990), and Palm Beach County Sheriffs Office v. Ginn, 570 So.2d 1059 (Fla. 1st DCA 1990), we held that pursuant to section 440.091, Florida Statutes, an off-duty officer who is not carrying out his primary responsibilities is not acting within the course of his employment for workers’ compensation purposes. We further stated in Ginn, “The fact that a law enforcement officer is on call for duty and has a police radio and other indicia of his authority in his possession is not dispositive in determining whether an off-duty officer is acting within the course of his employment.” Ginn, 570 So.2d at 1060.
We conclude, however, that section 440.091, Florida Statutes, does not apply to on-duty officers. In Abrams, we determined that one of the purposes of section 440.091, Florida Statutes, was to abrogate the decision in Sweat v. Allen, 145 Fla. 783, 200 So. 348 (1941), which had created a blanket exception to the coming and going rule for law enforcement:
In Sweat v. Allen, the Supreme Court held that injuries sustained by a deputy sheriff, while waiting for a bus on his way to work, were compensable under workers’ compensation. The Court noted the general rule that injuries sustained when employees are going to and coming from a regular place of employment do not generally arise out of and in the course of employment. The claimant in Sweat, however, as a police officer, was not “an ordinary workman going to work ...” for his “personal life was subservient at all times to call of official service ...” 200 So. at 350. Being on guard twenty-four hours a day, the officer was therefore charged with a duty or task connected therewith when he was injured so as to render the accident compensable.
Abrams, 561 So.2d at 1295. Thus, a police officer is no longer considered to be on duty outside his regular working hours.[2] As we noted in City of North Bay Village v. Millerick, 721 So.2d 1230, 1232 (Fla. 1st DCA 1998), rev. denied, 733 So.2d 516 (Fla.1999), the common theme in cases applying the statutory provision “is that the officer’s employment duty status is changed by events the officer has observed.” The employment duty status of the officer in the instant case was not changed; the officer was never considered to be off duty because the accident occurred during regular working hours while the officer was on call.
In Gilreath v. Charlotte County Bd. of County Comm’rs, 610 So.2d 88 (Fla. 1st DCA 1992), we found that section 440.091, Florida Statutes, does not diminish a law enforcement officer’s rights under the Workers’ Compensation Act. We determine here that section 440.091 is inapplicable to an officer who is on duty during his normal working hours; therefore, the officer here should be provided protection under the workers’ compensation statute.
The appellee argues that pursuant to City of Lakeland v. Schiel, 687 So.2d 1323 (Fla. 1st DCA 1997), a law enforcement officer who is on duty, but who is hurt while involved in a personal errand, cannot receive compensation. In Schiel, a special investigations officer was injured while at the scene of an accident involving his daughter. See id. at 1324. The officer in Schiel was not investigating the accident or performing any police function. See id. The court in that case indicated that the claimant had deviated from his employment and was on a personal mission. See id.
*273 In the instant case, unlike Schiel, the claimant was involved in an activity that his employer specifically designated as being part of his employment; thus, no deviation occurred. He was considered by his employer to be on duty while at lunch and was paid for that time. The half hour for lunch was contained within his normal working hours, and claimant was on call with his radio on during the lunch period as required by his employer.
Under these circumstances, claimant’s accident was within the course of his employment and, thus, compensable.
ERVIN and WEBSTER, JJ„ concur.

. The employer/carrier also defended under the coming and going rule set forth in section 440.092, Florida Statutes, but no issue relating to this portion of the statute is at issue on appeal.

. We note that the statute provides a limited exception to the traditional coming and going rule in light of the unique status of law enforcement officers. See Levine v. Brevard County Sheriffs Dep't, 658 So.2d 1044, 1046 (Fla. 1st DCA 1995).