BROWNING, J.,
dissenting.
I am compelled to dissent; the claimant was not “on-call,” as described in the majority opinion, but on paid duty and doing her duty while participating in a softball game fully sanctioned by her employer at the time of the accident. These are not circumstances that justify the JCC’s denial of benefits to claimant under section 440.092(1).
Claimant is a deputy sheriff and reported for duty on the day of the injury fully prepared to work for hourly wages from noon until 10:00 p.m. Prior to the softball game, Claimant received a series of emails advising her, in essence, that two sections of the Sheriffs Department were having an inter-department softball game, that Claimant could participate in the softball game and receive full pay, and that she could still discharge her duties by carrying a beeper and a cell phone to answer any official calls. Claimant was *346 injured running the bases, causing a need for medical treatment and other benefits. Claimant received her wages while playing in the softball game.
It seems to me section 440.092(1) does not apply to an employee who is on duty and receiving wages in an activity authorized by his or her employer. See Highlands County Sch. Bd. v. Savage, 609 So.2d 133, 134-35 (Fla. 1st DCA 1992); See also Klyse v. City of Largo, 765 So.2d 270 (Fla. 1st DCA 2000).
Klyse is particularly instructive, on the importance of a Claimant’s being on duty, earning wages, and doing an activity authorized by an employer. There, the Claimant was an on-duty police officer driving home for lunch when he was injured in an automobile accident. When the Claimant requested workers’ compensation benefits, his employer objected because the Claimant was allegedly not in the course and scope of his employment, or discharging his duties under section 440.091(1). This court rejected that contention, because the Claimant “was never considered to be off duty because the accident occurred during regular working hours while [he] was on call,” and in the process pointed out that the requirements there did not apply to an on-duty officer. See id. at 272.
Not to follow the Klyse rationale leads to unintended and bizarre results that reveal the unsoundness of affirming the JCC here. When an employer decides to pay an employee for playing in a softball game, that employer has decided that such activity is not recreational, but beneficial to its enterprise for whatever reasons. In other words, the activity should not be, and cannot be, “recreation” under section 440.092(1). See Highlands, 609 So.2d at 135 (holding “the activity in which the claimant was injured ‘was not social and recreational, but was a regular incident of her employment,’ ” where claimant, a teacher, was injured during a teacher-student basketball game, which occurred during regular school hours and for which she received regular salary). Why should an employer be protected from consequences of an approved endeavor for which it is paying an employee to participate? The answer is “no reason.” The purpose of section 440.092(1) is to bar recovery of off-duty employees participating in softball leagues, or unauthorized recreation by on-duty employees who are injured. See, e.g., Copytronics v. Lemon, 588 So.2d 23, 24-25 (Fla. 1st DCA 1991).
Nor does the JCC’s citation of law in support of his order add any credence to a denial of benefits here. See Palm Beach County Sheriff's Office v. Ginn, 570 So.2d 1059 (Fla. 1st DCA 1990). There the Claimant, when injured, was an off-duty and non-compensated police officer listening to his scanner and anticipating a call to assume his duties and earn wages. Ginn’s facts are clearly different from Claimant’s on-duty status, for Claimant was being paid and was responsible for the discharge of her duties. See Klyse, 765 So.2d at 272 (“In ... Ginn ... we held that ... an off-duty officer who is not carrying out his primary responsibilities is not acting within the course of his employment for workers’ compensation purposes.”).
For the above reasons, I would interpret section 440.092(1) as not applying to employees who are on duty, receiving compensation, and engaging in activities authorized by their employers. I believe such a course comports with existing precedent and section 440.092(1). To hold otherwise creates a “save me from myself’ defense to a claim under section 440.092(1).
*347 I would REVERSE and, accordingly, dissent.