GUNTHER, J.,
dissenting.
I respectfully dissent.
The majority concludes that the trial court erred in entering summary judgment for the City of Hollywood (the City) because Sergeant Redding was acting in the course and scope of his employment when the marked police “take-home” vehicle he was driving struck the plaintiff. After considering the undisputed facts of this case, I conclude that Sergeant Redding was not acting within the course and scope of his employment, and therefore, the summary judgment entered in favor of the City should be affirmed.
I find support for my conclusion in Palm Beach County Sheriff’s Office v. Ginn, 570 So.2d 1059 (Fla. 1st DCA 1990). In Ginn, the First District reversed the order of the judge of compensation claims which found that the injuries of the claimant law enforcement officer were incurred at a time when the claimant was acting within the course and scope of his employment. Id. at 1060. The claimant, a Palm Beach County deputy sheriff, was off-duty and on a personal errand within Palm Beach County when he was injured in an automobile accident. Id. As a fringe benefit of his employment, he had been provided with a sheriffs office vehicle, which he was allowed to use on personal business and which he was driving at the time of the accident. Id. Prior to the accident, claimant had been monitoring the police radio in the vehicle, in the event that he might be called on duty to assist with some law enforcement matter. Id. Additionally, claimant was wearing a beeper at the time of. the accident, which he was required to possess and monitor at all times as a member of the sheriffs office emergency field force. Id. In finding that the claimant was not acting within the course his employment, the First District held:
The fact that a law enforcement officer is on call for duty and has a police radio and other indicia of his authority in his possession is not dispositive in determining whether an off-duty officer is acting within the course of his employment. Rather, the issue, pursuant to the provisions of Section 440.091, is whether the officer is carrying out his primary responsibility, which is the “prevention or detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state.”
Id. The court concluded that although the claimant was fully prepared to be called on duty, he was not actually on duty when the accident occurred. Id. at 1061. He was not in the process of carrying out any *1005 “primary responsibility” as delineated by Section 440.091, Florida Statutes. Id.
Similarly, at the time of the accident, Sergeant Redding was not in the process of carrying out a “primary responsibility” of his job as a police officer. He was not engaged in the “prevention or detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the State.” Rather, at the time of the accident, which occurred around 5:57 a.m., Redding was off-duty and made the personal decision to go to work an hour before his shift started at 7:00 a.m. to study for an upcoming lieutenant’s exam. He was not furthering any interest of his employer or performing any duties of his employment. There was also no evidence presented that he was following any direction of his employer to come to work earlier than his normally-scheduled horn’s. He was simply in transit to the police station an hour before he was required to report for work.
As such, I conclude that Sergeant Red-ding was not acting within the scope and course of his employment at the time of the accident. Thus, I would affirm the trial court’s order entering summary judgment in favor of the City.