MAKAR, J.
While driving his personal car to work, Deputy Herman Allen came upon a tractor-trailer parked in the right-of-way and jutting into his lane. He decided to take steps to protect other motorists from the hazard, but ran into the tractor-trailer before he could do so. The question we address is whether Deputy Allen’s injuries are compensable because he was “acting within the course of employment” under section 440.091(1), Florida Statutes, or non-compensable because he was “going to or coming from” work under 440.092(2), Florida Statutes.
I.
Deputy Allen is a 41-year veteran of the Levy County Sheriffs Department. On February 11, 2013, he left his Cedar Key home in the early morning hours, driving eastbound on Highway 24 en route to his job of providing security at the county courthouse in Bronson, Florida. He was in his personal vehicle, wore his uniform, and carried his assigned badge and gun. It was about 6 a.m. and “real dark” when he saw a tractor-trailer stopped and jutting out four to five feet into the roadway, partially blocking his lane. He testified that he instantaneously became concerned about the safety of other motorists and intended to stop, call a road deputy, try to *1151 get the vehicle off the roadway, and direct traffic. Before he could accomplish any of those plans, Deputy Allen was unable to avoid hitting the tractor-trailer, which caused him significant injuries (charges against both the tractor-trailer driver and Deputy Allen were later dropped).
The employer-carrier disputed that Deputy Allen’s accident arose out of his employment, arguing that it arose during his personal time while going to work. It also argued that Deputy Allen’s primary responsibility was to provide courthouse security services, and that these more limited obligations govern whether he was acting within his course of employment in deciding to intervene when he spotted the tractor-trailer. At the evidentiary hearing, Deputy Allen and other Levy County Sheriffs Office employees testified that the office has a policy that requires off-duty officers to conduct themselves as if they were on-duty to resolve hazards they observe. Based on this testimony, the trial court concluded that Deputy Allen’s “duty assignment as courthouse security does not relieve him of his obligation to resolve hazards when he sees them while off-duty. [Deputy Allen’s] fundamental, primary obligation is to safeguard the citizens of Levy County and Florida.... By protecting motorists from road hazards [Deputy Allen] is discharging one of his primary obligations.”
Based upon her factual findings, the judge of compensation claims (JCC) analyzed the applicability of two statutory provisions. The first, entitled “Going and coming,” states the general rule that “[a]n injury suffered while going to or coming from work is not an injury arising out of and in the course of employment whether or not the employer provided transportation if such means of transportation was available for the exclusive personal use by the employee, unless the employee was engaged in a special errand or mission for the employer.” § 440.092(2), Fla. Stat.
Noting that the section’s two exceptions did not apply (the injury did not occur “during the officer’s work period or while going to or coming from work in an official law enforcement vehicle”), the JCC turned to the provisions of section 440.091(1), which provides that an “employee is considered to have been acting within the course of employment” if the employee:
(a) Is elected, appointed, or employed full time by a municipality, the state, or any political subdivision and is vested with authority to bear arms and make arrests and the employee’s primary responsibility is the prevention or detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state;
(b) Was discharging that primary responsibility within the state in a place and under circumstances reasonably consistent with that primary responsibility; and
(c) Was not engaged in services for which he or she was paid by a private employer, and the employee and his or her public employer had no agreement providing for workers’ compensation coverage for that private employment^]
§ 440.09(l)(a)-(c), Fla. Stat. Finding that Deputy Allen met the requirements of being a “full time” employee who had the “authority to bear arms and make arrests,” the JCC analyzed whether an off-duty police officer who is “suddenly thrust” into the “performance of an official duty” meets the statutory test. In reviewing the statute’s language and caselaw on the topic, the JCC concluded that section 440.091(1) applies where an “officer’s duty status” changes due to intervening events that require the performance of the “employee’s primary responsibility,” which statutorily must be “the prevention or de *1152 tection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state[.]” Id. § 440.091(l)(a).
Based on the facts presented, the JCC concluded that “regardless of his assigned duties involving courthouse security, [Deputy Allen] was required by the Levy County Sheriffs Office standards of conduct to automatically go on-duty and safeguard the drivers on the road.” Moreover, at the time of the accident, Deputy Allen “was discharging his primary responsibility of enforcing traffic and highway laws, under circumstances reasonably consistent with that primary responsibility, by making a conscious decision to safeguard the drivers on the road and resolve the hazard as required by the Levy County Sheriffs Office standards of conduct.” For these reasons, the JCC concluded that Deputy Allen established he was “acting within the course of employment” under section 440.091(1) because he was discharging his primary responsibility at the time of the accident.
The employer/carrier argued that that section 440.092(2) applies because it is an exception to and more specific than 440.091(1), but the JCC determined that both sections contain “exceptions to the going and coming rule as it relates to law enforcement officers, and each provides criteria that must be met before an accident is deemed to have occurred in the course and scope of employment.” The JCC thereby concluded that Deputy Allen’s accident was compensable, which the employer/carrier now appeals.
II.
The employer-carrier raises three issues, two of which are inter-related and involve the scope and purpose of sections 440.091(1) and 440.092(2); the third involves a claim that Deputy Allen was not a “full time” employee, but competent substantial evidence supports that he was.
On the main issues, the employer-carrier asserts that because Deputy Allen was off-duty and on his way to work, section 440.092(2) applies to the exclusion of section 440.091(1). Stated differently, it views section 440.092(2) as precluding a finding of compensability if an officer suffers an injury while going to or coming from work, the only two exceptions being those in 440.092(2) itself, which create a presumption of compensability: if an injury occurs (a) “during the officer’s work period” (i.e., normal working hours) or (b) “while going to or coming from work in an official law enforcement vehicle,” neither of which apply in this case. Because neither of the exceptions apply, the employer-carrier’s view is that no accident can ever be compensable — even if the requirements of section 440.091(1) are otherwise met — if an officer is in the process of going to/coming from work, even if interrupted by an event that requires the officer to engage in action required of the officer as part of his official responsibilities.
But section 440.092(2) cannot be read to extinguish the intended scope of section 440.091(1), which provides that officers (who otherwise fulfill the other statutory requirements) engaging in their “primary responsibility” are considered acting within the course of employment regardless of whether they happen to be going to/coming from work. The two statutes can be harmonized, the former generally precluding compensability when an employee is going to/coming from work (with two exceptions), the latter defining the scope of compensability for the official acts of an officer.
Here, because Deputy Alen was driving his personal vehicle to work, an accident ordinarily would not be compensable. But extraordinary intervening events made the *1153 fact he was going to work irrelevant under section 440.091(1). He was a full-time deputy with the “authority to bear arms and make arrests” who happened upon a situation that his employer deemed by written policy to require Deputy Allen to intervene. At that moment, Deputy Allen was no longer “going to work” but instead was — for purposes of section 440.091(1)— engaged in his “primary responsibility” which was “the prevention or detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state” as the Levy County policy required. And he was “discharging that primary responsibility within the state in a place and under circumstances reasonably consistent with that primary responsibility.” Once Deputy Allen made the determination that his employment required him to' intervene in the dangerous situation that confronted him and other motorists — a factual finding that is not contested — his status changed from a mere commuter to one falling squarely within the parameters of section 440.091(1), thereby supporting the JCC’s legal conclusion that he was acting within the course of his employment and his accident compensable.
That Deputy Allen falls within the criteria for compensability in section 440.091(1) is not inconsistent with the history and purpose of section 440.092(2), • which was adopted in 1990 and stated:
Going or coming. — An injury suffered while going to or coming from work is not an injury arising out of and in the course of employment whether or not the employer provided transportation if such means of transportation was available for the exclusive personal use by the employee, unless the employee was engaged in a special errand or mission for the employer.
Ch. 90-201, § 14, Laws of Florida. This “going and coming” provision applied to employment generally and was not limited solely to law enforcement officers. In applying section 440.092(2) in the law enforcement context, however, this Court has consistently construed it as precluding compensability in the generic situation where an officer is involved in an accident in her private vehicle, but argues she was on-call or otherwise poised to be on-duty at the time (the typical argument being she had her badge, her police radio, and was on-call). See, e.g., Levine v. Brevard Cnty. Sheriff’s Dep’t., 658 So.2d 1044, 1047 (Fla. 1st DCA 1995) (officer’s accident while in personal vehicle going to work was compensable where officer saw an “illegal turn that resulted in a motor vehicle collision, thrust[ing] him immediately into an on-duty status, with the obligation to take appropriate action with respect to the accident scene and the injured drivers.”) (noting that parties and JCC agreed that three 1990 eases applied including Palm Beach County Sheriff's Office v. Ginn, 570 So.2d 1059, 1061 (Fla. 1st DCA 1990) (accident non-compensable because officer “was fully prepared to be called on duty, but was not actually on duty when the accident occurred.”)).
Indeed, one of the 1990 cases discussed in Levine is almost directly on point here. In Hanstein v. City of Ft. Lauderdale, 569 So.2d 493 (Fla. 1st DCA 1990), a uniformed police officer was on his way to work when he came upon a tractor-trailer making an illegal turn. The officer made a “conscious decision” to cite the driver but was unable to do so after the tractor-trailer hit his vehicle. This Court found that the officer was discharging his “primary responsibility while traveling to the police station, and it was not necessary to actually issue a citation or take any affirmative action in this regard for the officer to be within the course of his employment as delineated in section 440.091.” Id. at 494. As the JCC below noted, the caselaw *1154 both from 1990 (pre-section 440.092(2)) and thereafter in the context of law enforcement officers has been to determine whether the status of an off-duty officer, even if in her private vehicle going to/coming from work, can change when the officer observes an event requiring her to carry out her primary responsibility under the statute. As the JCC said, the “common feature of these cases is that the officer’s duty status is changed by events the officer has observed.”
We note that subsection (2) was amended in 2001 with language to effectuate the Legislature’s declaration that:
[L]aw enforcement officers perform state and municipal functions, that it is their duty to protect life and property at their own risk and peril, and that their activities are vital to the public safety. Therefore, the Legislature declares that it is a proper and legitimate state purpose to provide workers’ compensation coverage to law enforcement officers during work periods and while going to and coming from work in an official law enforcement vehicle...
Ch. 2001-168, Laws of Fla. Consistent with this declaration, subsection (2) was amended to include the two presumptive exceptions referenced: the injury occurred during “the officer’s work period” or while “in an official law enforcement vehicle” at the time. The employer-carrier, as a part of its statutory interpretation argument, views these exceptions as supporting the conclusion that compensability is permissible only under the “going or coming” context when an officer is injured during her “work period” or while “in an official law enforcement vehicle,” an argument that no appellate court has addressed since section 440.092(2) was amended in 2001.
But as mentioned earlier, we view the current, post-2001 version of section 440.092(2), as not inconsistent with a finding of compensability in this case under section 440.091(1). The 2001 amendment to section 440.092(2) at issue merely established two situations in which a presumption of compensability arises as exceptions to its general “going or coming” provisions. We divine no legislative intent that the addition of these two exceptions in 2001 were intended to alter the long-standing principle under section 440.091(1) that the status of an off-duty law enforcement officer can change to on-duty when a situation arises requiring the officer’s exercise of her primary responsibility. As this Court concluded in Levine, when an off-duty officer in his personal vehicle is “thrust” into a situation requiring the immediate exercise of his primary responsibility, he is deemed to have changed to an on-duty status and, provided other statutory requirements are met, an injury suffered is compensable. 658 So.2d at 1047. That is the identical situation presented here, one in which we agree with the JCC that compensability has been established. The fact that Deputy Allen made the decision to intervene to assist the public but somehow ran into the stationary tractor-trailer before he could do so does not change the result. Id.
Because the record establishes that Deputy Allen was acting within his course of employment when the accident at issue occurred, we affirm the order of compens-ability.
AFFIRMED.
SWANSON, J. and SJOSTROM, JONATHAN, Associate Judge, concur.